Daryl O. McCLEESE, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 95–1312.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1995.

Decided Feb. 2, 1996.

Mark Procida (argued), Detroit, MI, for Petitioner–Appellant.

Robert N. Trgovich (argued), Office of the United States Attorney, Fort Wayne, IN, for Respondent–Appellee.

Before CUMMINGS, MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The defendant filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence on the grounds that he received constitutionally ineffective assistance of counsel and his guilty plea was not knowingly and intelligently made. The district court denied the motion because it found that by failing to raise his claims on direct appeal, the defendant had procedurally defaulted his right to raise it under § 2255. The question before us is whether the defendant has shown cause and prejudice to excuse that default.

## I

Daryl Oscar McCleese entered into a written plea agreement in which he admitted to conspiring to distribute more than five kilograms of cocaine and to using or carrying two firearms during and in relation to the drug conspiracy. The district court sentenced him to 235 months of incarceration and four years of supervised release on the conspiracy count and 60 months of incarceration on the firearms count, with both sentences to run consecutively. McCleese was also fined $250,000. McCleese, represented by different counsel, appealed to this court arguing that the district court erred in not allowing him to withdraw his guilty plea and in making certain findings at sentencing. We affirmed the conviction and sentence. *United States v. Cooper*, 942 F.2d 1200 (7th Cir.1991), *cert. denied*, 503 U.S. 923, 112 S.Ct. 1303, 117 L.Ed.2d 524 (1992).

McCleese subsequently filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence on two grounds. First, he argued that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel: (1) incorrectly advised him that the conspiracy count carried a statutory ten-year mandatory minimum sentence, when no mandatory minimum applied, and (2) failed to inform him that he was subject to a term of supervised release. Second, he argued that the district court failed to follow the mandate of FED.R.CRIM.P. 11(c) when it incorrectly informed him during the plea

hearing: (1) that a statutory ten-year mandatory minimum sentence applied to the drug conspiracy count, when no mandatory minimum applied, and (2) that no term of supervised release could be imposed, when in fact it could—these errors resulting in an unknowing and involuntary guilty plea.

In its answer to McCleese's motion, the government conceded that McCleese's trial counsel and the district court incorrectly informed McCleese that a statutory ten-year mandatory minimum sentence applied to the conspiracy count and that a term of supervised release could not be imposed. The government argued, however, that because McCleese had failed to bring his claims on direct appeal he was procedurally barred from raising them in a § 2255 motion.

The district court agreed with the government that McCleese had procedurally defaulted. Because McCleese had different counsel on appeal, the district court found that he could not show cause for not bringing his two claims on direct appeal. Even if McCleese could show cause, the district court held that he could not show prejudice from the failure to raise the claims on direct appeal. The district court found that McCleese knew, at the time of entering his plea, that the sentencing guidelines would be used to determine his sentence and that the preliminary guidelines computation resulted in a minimum sentence on count one of 151 months or twelve and a half years.[1] The district court found that the incorrect information could not reasonably be said to have influenced his decision to plead guilty because (1) the inapplicable ten-year mandatory minimum was below the minimum he knew he would receive and (2) the sentence imposed, including the four years of supervised release, was less than the statutory maximum McCleese was made aware of at the time he entered his plea. As a result, the district court found that McCleese had failed to show prejudice to justify his procedural default. Even if he could show cause and prejudice, the district court found that

the errors of McCleese's trial counsel did not qualify as ineffective assistance of counsel and that its own errors under Rule 11 were harmless. The district court denied the § 2255 motion without holding an evidentiary hearing.

## II

McCleese appeals the district court's denial of his § 2255 motion and argues that the district court erred in finding that he had not shown cause and prejudice to justify the procedural default. He also appeals the district court's determinations that, even if he were found not to have procedurally defaulted, his trial counsel was not ineffective and the Rule 11 errors were harmless. Finally, he argues the district court abused its discretion in not granting him an evidentiary hearing.

■ We review a district court's decision to grant or deny a § 2255 motion *de novo*. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993).

## A

■ Before we can consider the merits of McCleese's claims, we must first address the government's argument that McCleese procedurally defaulted on those claims by not raising them in his direct appeal. A § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). As a result, constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *Reed v. Farley*, —— U.S. ——, ——, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53

---

1. This finding, which was not challenged on appeal, has ample support in the record. For example, in the hearing on McCleese's motion to withdraw his guilty plea held October 19, 1989, McCleese acknowledged that at the time he

signed the plea agreement he knew that the minimum sentence he could receive was seventeen and a half years (five years under count two and twelve and a half years under count one).

L.Ed.2d 594 (1977); *Dugan v. United States,* 18 F.3d 460, 464 (7th Cir.1994) (quoting *United States v. Kovic,* 830 F.2d 680, 683 (7th Cir.1987), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988)); *Bond v. United States,* 1 F.3d 631, 634 (7th Cir. 1993). McCleese seeks to justify his procedural default only under the cause and prejudice test; he does not argue that the district court's refusal to consider his claims would lead to a fundamental miscarriage of justice.

McCleese offers two causes for his failure to assert the two claims in his direct appeal: (1) because his ineffective assistance of counsel claim rests on extrinsic evidence, he may bring his claim in a § 2255 motion rather than on direct appeal, and (2) his appellate counsel was constitutionally ineffective when he failed to raise the two claims on direct appeal.

1

This circuit, as well as many of our sister circuits, has held that most claims of ineffective assistance of trial counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal. *See Bond,* 1 F.3d at 634; *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.), *cert. denied,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991); *see also United States v. Daniels,* 3 F.3d 25, 26–27 (1st Cir.1993); *United States v. DeRewal,* 10 F.3d 100, 103–04 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994); *United States v. Matzkin,* 14 F.3d 1014, 1017 (4th Cir.1994); *United States v. Bounds,* 943 F.2d 541, 544 (5th Cir.1991); *United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993); *United States v. Jennings,* 12 F.3d 836, 840 (8th Cir.1994); *United States v. Simas,* 937 F.2d 459, 463 (9th Cir.1991); *Beaulieu v. United States,* 930 F.2d 805, 806–07 (10th Cir.1991); *United States v. Gholston,* 932 F.2d 904, 905 (11th Cir.1991). As we discussed in *Bond,* the justification for allowing claims of ineffective assistance of counsel to be raised for the first time in § 2255 motions is that, in order to be successful, such claims generally require that the record be supplemented with "extrinsic evidence that illuminates the attorney's errors." 1 F.3d at 635. A § 2255 proceeding

offers defendants the opportunity to supplement the record with additional evidence. If we required defendants to raise all such claims on direct appeal, we would be limited to only the trial record. Another, unrelated circumstance that justifies raising a claim of ineffective assistance of trial counsel for the first time in a § 2255 motion is where trial counsel was also appellate counsel because he "can hardly be expected to challenge on appeal his own ineffectiveness at trial." *Taglia,* 922 F.2d at 418.

The reasons for a rule also define its exceptions. Where a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so. *Dugan,* 18 F.3d at 464; *Bond,* 1 F.3d at 635; *Taglia,* 922 F.2d at 418; *see also Matzkin,* 14 F.3d at 1017; *Gholston,* 932 F.2d at 905. In this case, McCleese was represented by different counsel on appeal. Therefore, the question becomes whether McCleese offers any extrinsic evidence to support his claim of ineffective representation.

In his motion to vacate before the district court, McCleese stated that "[t]his court need only examine the record to find more than adequate support for defendant's position." McCleese is correct. The erroneous advice regarding the existence of a ten-year mandatory minimum sentence is clear from the face of the plea agreement, and his attorney's failure to inform him that a term of supervised release would apply is apparent from the record of the plea hearing. Similarly, the incorrect statements made by the trial court during the plea colloquy are in the plea hearing record.

However, McCleese argued that, even though adequate evidence to support his claims can be found in the record, he requires an evidentiary hearing to produce more evidence to "prove the truth of the assertions not readily apparent by the available record." McCleese identified the extrinsic evidence he would uncover during an evidentiary hearing as: "trial counsel's knowledge of the applicable law, defendant's

desire to withdraw his plea, his reliance upon the advice of counsel, as well as statements made to his attorney about the details of the plea agreement." Assuming that McCleese could successfully introduce this evidence, it would not support his claim of ineffective assistance of trial counsel.

McCleese sets forth only two instances in which his counsel's lack of knowledge with respect to applicable law was lacking: his attorney did not understand that the ten-year mandatory minimum sentence did not apply or that supervised release did apply.[2] As noted above, his trial counsel's misunderstanding of the applicable law is apparent from the record. As a result, McCleese does not need an evidentiary hearing to flush out his counsel's errors.

The remainder of the extrinsic evidence McCleese would explore, if relevant, would support McCleese's assertion that he was prejudiced by the deficient performance of trial counsel. Specifically, the extrinsic evidence would go to show that McCleese relied upon his counsel's erroneous advice in deciding to plead guilty and that he would not have so pleaded had he been correctly informed that there was no mandatory minimum and that supervised release was applicable.

■ In order to show prejudice from ineffective assistance of counsel that led to the entering of a plea, the defendant must establish through objective evidence a reasonable probability that, but for counsel's advice, he would not have accepted the plea. *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir.1991), *cert. denied*, 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992). The extrinsic evidence McCleese would offer is not the type of objective evidence required. Instead, it is the same type of self-serving testimony that we rejected when offered by the defendant in *Toro*. In determining whether McCleese was prejudiced by his attorney's incorrect advice regarding the applicability of a man-

datory minimum sentence or a term of supervised release, we compare that advice and his actual sentence with the sentence range the defendant was made aware of at the time he entered his plea. The only objective evidence that would support a prejudice argument in this case is already known. The record discloses the incorrect advice of counsel and the sentence McCleese actually received. The record also includes the defendant's testimony that he was aware at the time of entering the plea that the minimum he would receive under the guidelines for count one was twelve and a half years, and the plea agreement provides that the statutory maximum sentence for count one was life.

Because McCleese offers no material extrinsic evidence in support of his ineffective assistance of counsel claim and he had different counsel on appeal, his is not the type of claim properly raised for the first time in a § 2255 motion. Even if we found that it was, that would still not justify his failure to raise his Rule 11 claims. Claims are reviewed individually for purposes of determining whether they overcome a procedural default; each claim must meet the cause and prejudice test.

2

■ McCleese's second proffer of cause as to why he did not raise the two claims on direct appeal is the ineffective assistance of his appellate counsel. In order for an appellate attorney's alleged ineffectiveness to qualify as cause to justify procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Assuming for the sake of argument that his appellate counsel's failure to raise the two claims on direct appeal met the performance prong of *Strickland*, McCleese's argument still fails

---

**2.** During oral argument, McCleese's counsel also argued that trial counsel rendered ineffective assistance by advising McCleese that he was required to withdraw his motion to withdraw his guilty plea. However, this argument was not presented as such before the district court, nor was it so presented in the briefs before this court.

By failing to raise this additional claim of ineffective assistance of counsel below, McCleese has forfeited his right to raise it in this court. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993), *cert. denied*, — U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994); *Borre v. United States*, 940 F.2d 215, 224 (7th Cir.1991).

because he cannot show that he was prejudiced by his appellate attorney's failure to raise those claims.

■ To show prejudice stemming from ineffective assistance of counsel, a defendant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. In addition to showing a reasonable probability of a different outcome but for counsel's deficient performance, the defendant must show that the deficient performance made the proceedings fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 368–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993). In order to undermine our confidence in the outcome of his appeal, McCleese must show that if his appellate counsel had raised the two claims on direct appeal that there would have been a reasonable probability that the claims would have been successful.

■ The district court found that neither of the two claims would have been successful if raised on direct appeal. We agree. With respect to the trial counsel's alleged ineffective representation, the attorney's incorrect advice that there was a ten-year mandatory minimum sentence did not prejudice the defendant. In *United States v. Padilla,* we noted that if "the record discloses that a defendant was aware when pleading guilty that the sentencing guidelines would subject him to a sentence well in excess of any statutory mandatory minimum likely applicable to his case, the failure to advise him of such minimums during the plea hearing cannot reasonably be said to have affected his decision to accept the plea." 23 F.3d 1220, 1222 (7th Cir.1994) (citing *United States v. Johnson,* 1 F.3d 296, 303 (5th Cir.1993) (en banc)). Even though McCleese was incorrectly told a ten-year mandatory minimum sentence applied, the record discloses that he knew that under the guidelines the lowest sentence he could receive was twelve and a half years. Because the inapplicable mandatory minimum was less than the lowest sentence he knew he could receive, the misinfor-

mation regarding the mandatory minimum is just as irrelevant as the failure to inform we discussed in *Padilla.* McCleese was not prejudiced by his appellate counsel's failure to raise this claim on appeal.

■ Trial counsel's failure to inform McCleese that a term of supervised release was applicable was also not prejudicial. In *United States v. Saenz,* we held that a trial court's failure to accurately inform a defendant about the minimum mandatory term of supervised release is harmless error if the defendant's sentence, when combined with the term of supervised release, is within the maximum sentence made known to the defendant at the time he entered his plea. 969 F.2d 294, 297 (7th Cir.1992). Similarly, in *United States v. Fox,* we held that a trial court's failure to inform a defendant that he might be required to pay restitution could not have impacted his decision to plead guilty because the total amount of fines imposed and restitution ordered was within the range of fines that the defendant was made aware of at the time he entered the plea. 941 F.2d 480, 484–85 (7th Cir.1991), *cert. denied,* 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). Although *Fox* and *Saenz* concerned errors of district courts, we find their reasoning equally applicable to claims involving ineffective assistance of trial counsel. An attorney's failure to inform a defendant regarding the applicability of a term of supervised release cannot reasonably be said to have impacted the defendant's decision to plead guilty if the sentence he ultimately received, including the term of supervised release, is within the maximum sentence he was made aware of at the time he entered his plea.

■ In this case, the failure to inform McCleese that he could receive a term of supervised release cannot reasonably be said to have impacted his decision to plead guilty. He was correctly informed that under count one he faced a statutory maximum of life in prison, and his sentence of 235 months plus four years of supervised release is below the maximum of which he was informed. As a result, he was not prejudiced by his appellate counsel's failure to raise this claim on appeal.

We now turn to whether the failure of McCleese's appellate counsel to raise the district court's errors was prejudicial. As noted above, the district court mistakenly informed the defendant that a ten-year mandatory minimum sentence applied and that a term of supervised release would not apply.

McCleese correctly points out that each of these errors constitutes a violation of Rule 11(c). The rule itself specifically requires a trial court to provide the information that was not accurately provided in this case:

> **(c) Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parol or supervised release term, . . . .

FED.R.CRIM.P. 11(c). However, we have held that a district court's failure to comply with Rule 11 is subject to harmless error analysis. *Saenz*, 969 F.2d at 296; *see also* FED. R.CRIM.P. 11(h) (providing that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.")

▪ In conducting the harmless error inquiry, we seek to determine whether the failure to comply with Rule 11 interfered with the defendant's ability to make an informed and intelligent decision to plead guilty. *Saenz*, 969 F.2d at 298. Where the sentence he received is within the range he was warned of, and the error is one that cannot reasonably be said to have impacted the defendant's decision to plead guilty, the error is harmless. *Id.* at 297.

▪ Under this inquiry, the trial court's misstatement that a ten-year mandatory minimum sentence applied is harmless error. As discussed above, knowledge of the statutory mandatory minimum sentence could not reasonably have impacted the defendant's decision to plead guilty because the inapplicable ten-year mandatory minimum sentence was two and a half years less than the minimum sentence provided by the guidelines and of which the defendant was aware. *See Padilla,* 23 F.3d at 1222. Similarly, the trial court's incorrect statement that the defendant was not subject to a term of supervised release is harmless error. As we stated in *Saenz,* a "failure to instruct and an error in the instructions pose basically the same danger to the defendant." 969 F.2d at 298. When the term of incarceration imposed, combined with the term of supervised release imposed, is less than the maximum sentence of which the defendant was aware, there is no "danger" to the defendant from the court's failure to inform him of the potential for supervised release. McCleese was informed in the plea agreement that the statutory maximum under count one was life in prison, which is far in excess of his sentence of 235 months plus four years of supervised release. Consequently, the trial court's incorrect statement that McCleese would not be subject to a term of supervised release is harmless error, and McCleese was not prejudiced by his appellate counsel's failure to raise these claims on direct appeal.

Because McCleese cannot show that if his appellate counsel had brought the two claims on direct appeal there likely would have been a different outcome in his appeal, he has failed to make the required showing of prejudice for purposes of his argument that his appellate counsel was ineffective. Consequently, McCleese has failed to show cause as to why he did not raise his two claims on direct appeal. For the same reasons that McCleese has not shown prejudice for purposes of his argument that his appellate attorney was ineffective, he has failed to show actual prejudice to justify the procedural default. Because he has failed to show either cause or prejudice, both of which are required to justify his failure to raise his two claims on direct appeal, we hold that McCleese is procedurally barred from raising these claims in a § 2255 motion. As a result, we decline to address McCleese's appeal with respect to the merits of those claims.

**B**

We must now decide whether the district court erred in denying McCleese's motion

without granting him an evidentiary hearing. We first note that the district court did not expressly deny the evidentiary hearing. Instead, the court found that even though the government conceded the errors alleged by McCleese, McCleese is not entitled to the relief he requests.

The Rules Governing Section 2255 Proceedings provide that a district court need not make a determination as to whether an evidentiary hearing is required unless "the motion has not been dismissed at a previous stage in the proceeding." Section 2255 Rule 8(a). The previous stages of a § 2255 proceeding in which a motion may be dismissed include summary dismissal under Section 2255 Rule 4, dismissal after the answer and petition are considered, or dismissal after consideration of the pleadings and an expanded record. In this case, the district court dismissed the motion after considering the petition and the government's answer, in which the government conceded that McCleese was given incorrect information regarding the mandatory minimum sentence and the applicability of a term of supervised release. As a result, the district court was not required to make a determination as to whether an evidentiary hearing was required.

However, a district court may not dismiss a § 2255 motion without an evidentiary hearing unless the record conclusively demonstrates that the defendant is entitled to no relief. *Dugan*, 18 F.3d at 464 (citing *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir.1989)); *Kovic*, 830 F.2d at 692. The record in this case conclusively demonstrates that McCleese is entitled to no relief. The factual bases of the claims in his § 2255 motion are clear from the record. The only question regarding McCleese's claims is whether they are legally viable. As noted above, we agree with the district court that they are not.

The district court's denial of McCleese's § 2255 motion is AFFIRMED.