85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall E. COONCE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-3379, 94-3706.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1996.*
Decided May 2, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's denial of Randall Coonce's pro se petition pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we affirm.
 
 
 2
 Randall Coonce ran a life insurance agency with offices in Charleston, Illinois and Indianapolis, Indiana. He sold life insurance and supervised several sales agents in the Charleston and Indianapolis offices. Most of the polices Coonce sold were issued by the Inter-state Assurance Company. By early 1986, Coonce was in serious financial difficulty as a result of substantial gambling debts. Coonce began using his clients' insurance premiums to pay off the debt. Coonce would collect the money from a client, use it to pay off his gambling debts, and pay the premium from his own funds when payment was due. He also began to pay the premiums with money from other clients. Sometimes he collected from his clients and never paid the premiums. In January of 1988, Coonce informed Inter-state of these activities and the company terminated his contract.
 
 
 3
 During this same period of time, Coonce and his sales agents in Charleston and Indianapolis participated in a scheme to defraud senior citizens. Purchasing the names of senior citizens from the National Association of Retired Persons, Coonce and his agents contacted elderly people and convinced them to buy expensive life insurance policies that they misrepresented as investment programs. The premiums and applications from these senior citizens were mailed to Coonce who would then mail them to Inter-state for approval.
 
 
 4
 Upon learning of Coonce's theft of clients' premiums, Inter-state began civil proceedings against Coonce to recover the stolen premiums. Fearing criminal prosecution, Coonce asked his lawyer, Stephen Ryan, to contact the United States Attorney's office. After reviewing the case, an Assistant United States Attorney called Ryan and proposed a plea bargain requiring that Coonce admit to conspiring with his sales agents to defraud senior citizens by misrepresenting insurance policies as investment programs. Coonce denied participation in any conspiracy and denied misrepresenting the life insurance policies. The plea offer was refused.
 
 
 5
 On December 12, 1989, the United States Attorney's office faxed Ryan a proposed plea agreement, giving Coonce the opportunity to plead guilty to two counts of mail fraud, 18 U.S.C. § 1341, based on Coonce's misrepresentation of insurance policies.[1] Coonce was not required to plead to a conspiracy charge. Ryan was informed that the United States Attorney's office planned to bring the matter before a grand jury by January 10, 1990 and, therefore, Coonce would have to make a decision in the near future. Ryan responded, stating that he was "swamped," that he would not be able to meet with Coonce until January 15 at the earliest, and that the United States Attorney's office would have to "do what they would have to do." On or before January 9, 1990, the United States Attorney's Office informed Ryan that the time for accepting the plea had expired and that a case would be presented to the grand jury on January 24, 1990. Ryan met with Coonce on January 16, 1990 and informed him of the expired offer. Coonce told Ryan that he was willing to accept the government's plea offer. Ryan, however, reiterated that the offer had been withdrawn by the government.
 
 
 6
 On January 24, 1990, the government obtained a thirty-six count indictment against Coonce. The indictment included allegations of mail fraud, 18 U.S.C. § 1341, resulting from Coonce's theft from his clients and misrepresentation of insurance policies. There was no conspiracy charge. Plea negotiations resumed and, on May 25, 1990, Coonce agreed to plead guilty to four counts of mail fraud based on his scheme designed to steal premiums from his clients. The conduct underlying Coonce's plea occurred prior to the effective date of the sentencing guidelines, November 1, 1987. None of the counts in the guilty plea related to Coonce's alleged misrepresentation of insurance policies. In exchange for Coonce's plea, the remaining counts of the indictment were dismissed. Coonce was sentenced to three consecutive five-year terms of imprisonment to be followed by a five-year term of probation.
 
 
 7
 Following an unsuccessful direct appeal, United States v. Coonce, 961 F.2d 1268 (7th Cir.1992), Coonce filed a pro se petition under 28 U.S.C. § 2255 alleging that counsel was ineffective by (1) failing to consult with him regarding the December 12, 1989 plea offer by the United States Attorney's office prior to the indictment; and (2) failing to predict that he would have been better off being sentenced under the sentencing guidelines. The district court denied Coonce's petition. Coonce filed a motion to reconsider, which was also denied. Coonce timely appealed the district court's denial of his § 2255 petition (appeal no. 94-3379) and its denial of his motion for reconsideration (appeal no. 94-3706). These appeals have been consolidated for appellate review.
 
 
 8
 On appeal, Coonce argues that his attorney's failure to timely inform him of the government's December 12, 1989 pre-indictment plea offer constituted ineffective assistance of counsel and, as a result, judgment should be vacated and the pre-indictment plea offer should be enforced.[2] We disagree.
 
 
 9
 In reviewing the denial of a petition filed under § 2255, this court considers questions of law de novo and reviews factual determinations for clear error. Granada v. United States, 51 F.3d 82, 83 (7th Cir.1995), cert. denied, 116 S.Ct. 970 (1996).
 
 
 10
 As the government correctly points out, Coonce did not raise this claim on direct appeal. "[C]onstitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996). The government concedes that Coonce can demonstrate cause for failure to raise this claim on direct appeal--he was represented by the same lawyer (Ryan) in the trial court and on appeal. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 500 U.S. 927 (1991). Accordingly, we must proceed to determine whether Coonce was prejudiced.
 
 
 11
 Coonce argues that counsel rendered ineffective assistance by failing to inform him of the government's pre-indictment plea offer. However, since Coonce entered into a subsequent plea agreement with the government, he has waived this claim. United States v. Walton, 36 F.3d 32, 34 (7th Cir.1994) (By pleading guilty, a defendant waives "all non-jurisdictional challenges to the constitutionality of his conviction."). Coonce might argue that he would not have pleaded guilty had he been aware that by doing so, he waived his right to relief from counsel's failure to inform him of the government's pre-indictment offer. Mabry v. Johnson, 467 U.S. 504, 508-09 (1984) (the validity of a guilty plea may be challenged by calling into question the consensual character of the plea). However, Coonce does not make such an argument. He was aware of the government's pre-indictment plea offer as well as his attorney's ineffectiveness. Instead of proceeding to trial, Coonce pleaded guilty. He does not challenge the voluntary or knowing nature of his plea. He does not argue that he was unaware that his plea constituted a waiver of all non-jurisdictional challenges to the constitutionality of his conviction. Nor does he raise any jurisdictional challenges to his plea.
 
 
 12
 Since, by pleading guilty, Coonce has waived his claim that counsel was ineffective by failing to inform him of the government's pre-indictment plea offer, he was not prejudiced by counsel's failure to raise this issue on direct appeal. Accordingly, Coonce has procedurally defaulted on this claim. The district court's order denying Coonce's petition for post-conviction relief under § 2255 is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 After a careful review of the record, we are unable to find any description of the factual basis of the government's December 12, 1989 plea offer. In its brief, however, the government explains that these counts were based on Coonce's misrepresentation of the life insurance policies. Coonce does not challenge the government's characterization of the factual basis of the proposed plea
 
 
 [2]
 Coonce does not pursue his claim that his attorney rendered ineffective assistance of counsel by failing to accurately predict that Coonce would receive a more favorable sentence under the guidelines