91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. CODLING, also known as Cork, also known as Corky,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3917.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 16, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 James Codling pleaded guilty to one count of money laundering. 18 U.S.C. § 1956(a)(1)(A)(i). Before accepting Codling's plea, the district judge asked Codling if he understood that by pleading guilty he faced a maximum possible term of 20 years' imprisonment. Codling replied that he did. The judge sentenced Codling to 97 months' imprisonment. Codling did not appeal his conviction or sentence.
 
 
 2
 Codling then filed a motion to vacate his conviction under 28 U.S.C. § 2255, claiming that his guilty plea was invalid because the judge failed to inform him of the minimum sentence that he would be required to serve. The district court denied Codling's motion, first because Codling had procedurally defaulted by not raising the issue on direct appeal, and second because there is no mandatory minimum sentence under 18 U.S.C. § 1956(a)(1)(A)(i).
 
 
 3
 A defendant who pleads guilty may nevertheless seek collateral relief from his conviction by challenging the voluntary and intelligent character of his guilty plea. United States v. Broce, 488 U.S. 563, 569 (1989). Nevertheless, in order to preserve such a challenge, the defendant must raise his arguments on direct appeal. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996). Failure to do so results in a procedural default barring review, absent a showing of cause and prejudice. Id.
 
 
 4
 Codling failed to challenge the validity of his guilty plea on direct appeal, so on collateral review, he must demonstrate cause and prejudice. In his brief on appeal, Codling makes no serious attempt to address the issue of his procedural default. He makes one rather inarticulate reference to the fact that his attorney did not object to the district judge's failure to advise Codling of a statutory minimum sentence. (Appellant's Br. 11). Even if we liberally construed this single reference as a claim that his attorney's incompetence was the cause of his failure to raise the issue on direct appeal, the brief contains no indication of how Codling suffered actual prejudice as a result. Because Codling has failed to establish cause and prejudice for his procedural default, review of his claim is foreclosed. McCleese, 75 F.3d at 1181. Nevertheless, it is clear that Codling's claim is entirely without merit. At the change of plea hearing, the district court informed Codling that he faced up to 20 years in prison. The court mentioned no statutory minimum sentence because 18 U.S.C. § 1956(a)(1)(A)(i) provides for none.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, the court has concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir. 34(f)
 
 
 [1]
 18 U.S.C. § 1956 provides in relevant part:
 (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
 (A)(i) with the intent to promote the carrying on of specified unlawful activity;
 ....
 shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.