Gus ALEX, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 97 C 2786.

United States District Court, N.D. Illinois, Eastern Division.

June 5, 1997.

*Plymouth Volvo, Inc.*, 247 Ill.App.3d 1015, 187 Ill.Dec. 401, 617 N.E.2d 858 (2nd Dist.1993).

Joseph James Cavanaugh, Chicago, IL, Alan Ellis, Sausalito, CA, for Petitioner.

Mark J. Vogel, United States Attorney's Office, Chicago, IL, for Respondent.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

This matter is before the Court on Petitioner Gus Alex's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. The motion is denied.

### I. *BACKGROUND*

In December of 1991, a grand jury returned a seven-count indictment against Petitioner Gus Alex and codefendants Lenny Patrick, Nicholas Gio and Mario Rainone. Alex was charged in Counts I, IV, and VII. Count I charged Alex and his codefendants with conspiracy to engage in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). Count IV charged that Alex, Patrick and Rainone conspired to commit extortion by demanding and obtaining cash payments from various restaurants in violation of 18 U.S.C. § 1951. Count VII sought the forfeiture of assets from Alex.

The case was tried before a jury. On October 1, 1992, the jury found Alex guilty on Counts I and IV; the jury also concluded that Alex should forfeit $197,000 pursuant to Count VII. Alex was sentenced to 188 months imprisonment, fined $250,000 and ordered to pay $376,000 restitution for a total of $823,000.

Alex appealed his conviction and sentence. The Seventh Circuit affirmed. *See United States v. Rainone,* 32 F.3d 1203 (7th Cir. 1994). Alex now attacks his conviction and sentence collaterally under 28 U.S.C. § 2255.

### II. *DISCUSSION*

Alex offers only three arguments attacking his conviction and sentence: (1) that trial counsel performed ineffectively; (2) that due to Alex's age at the time of sentencing—78 years old—the lengthy sentence amounted to a life sentence which is inconsistent with the crimes of conviction; and (3) the government may have unlawfully seized evidence to support its position at sentencing that Alex was a member of "organized crime." Each argument will be addressed in turn.

Prior to addressing the arguments, however, the court will first discuss the purpose of a § 2255 motion and the procedural steps that must be complied with in order to grant the reviewing court the authority to entertain the issues raised in the motion.

Relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996). Indeed, a criminal defendant may attack the validity of his sentence under § 2255 only if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Importantly, however, "[a] § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir.1995). This means that:

[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure

to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816.

With these principles in mind, the court will address each of Alex's arguments.

## A. *Ineffective Assistance of Counsel*

Alex first argues that trial counsel provided ineffective assistance by failing to present evidence which he promised to present in his opening argument. The "promised evidence" that was never presented to the jury was that Alex was a longtime gambler and that he was a retired businessman who earned money from the sale of his vending machine business. Alex believes that he was prejudiced by the failure to present the evidence for two reasons: (1) the evidence would have explained how he became acquainted with some of the co-defendants and it would have provided a legitimate explanation as to how he earned large sums of money and (2) the failure to present the "promised evidence" damaged the credibility of his defense and thus made the prosection's case all the more believable in the eyes of the jury.

■ Unfortunately, however, Alex failed to raise the issue on appeal; thus, unless he first can establish "good cause" for this failure or that the failure to consider the issue would result in a "fundamental miscarriage of justice," the issue is barred from collateral review. *See Prewitt*, 83 F.3d at 816. It is true, as Alex argues in his reply brief, that "most claims of ineffective assistance of trial counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir.1996).

As with most general rules, however, there are exceptions. "Where a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so." *McCleese*, 75 F.3d at 1178.

■ Here, Alex's only evidence in support of his argument is the trial record, *i.e.*, his argument is not based on any extrinsic evidence. More importantly, Alex was represented by different counsel on appeal. Thus, his appellate counsel should have argued on direct appeal that trial counsel performed ineffectively. Accordingly, due to Alex's failure to establish cause [1] for failing to raise the issue on appeal, the argument is procedurally defaulted, *i.e.*, it is barred from collateral review.[2]

Regardless, even if the court was not barred from considering the merits of the argument, Alex's ineffective assistance claim is a clear loser. "It is well established under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that to succeed on an ineffective assistance claim, a defendant must establish both that trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the outcome of the proceedings." *United States v. Cooke*, 110 F.3d 1288, 1299 (7th Cir.1997).

■ Here, assuming trial counsel's performance was in fact constitutionally deficient (the first prong of the *Strickland* test) by not presenting evidence to support the statements made in opening argument,[3] the preju-

---

1. Alex makes no argument that failing to consider the issue would result in a "fundamental miscarriage of justice."

2. It should be noted that unlike most § 2255 litigants, Alex is represented by counsel. But his opening brief completely ignores the issue of cause for failing to raise the issue on direct appeal. In his reply brief, he argues that the issue was not raised on appeal because his appellate counsel was also ineffective. This argument is nowhere to be found in his opening brief. "[A]rguments raised for the first time in a reply brief are waived." *United States v. Hughes*, 970

F.2d 227, 235 n. 6 (7th Cir.1992); *accord, United States v. Otalvora*, No. 93 CR 096, 95 C 0157, 1995 WL 151768 (N.D. Ill. April 4, 1995) (Alesia, J.) ("[A]rguments presented for the first time in a reply brief are waived."). Unfortunately for Alex, "there is no constitutional right to effective assistance of counsel in post-conviction" proceedings. *Pitsonbarger v. Gramley*, 103 F.3d 1293, 1298 (7th Cir.1996).

3. It is important to note that Alex is *not* suggesting that any evidence existed to support the remarks made by trial counsel in his opening statement. Thus, apparently trial counsel was not

dice (the second prong of the *Strickland* test) was at best negligible—realistically, it was nonexistent. Indeed, in the words of Chief Judge Posner when analyzing this case on direct appeal, "[t]he evidence against Alex ... was *overwhelming.*" *United States v. Rainone*, 32 F.3d 1203, 1205 (7th Cir.1994) (emphasis added). Any suggestion that a different result would have ensued had trial counsel not made the remarks in opening statement is, to say the least, meritless. Alex was found guilty based on the evidence presented at trial, not on his counsel's failure to provide "promised evidence." [4]

## B. *Life Sentence* [5]

█ Alex's next argument is more frivolous in that it represents a gross misreading of Seventh Circuit case law. At the time of sentencing, Alex was about 78 years of age. He was sentenced to a term of imprisonment of almost 16 years. His life expectancy was 75.8 years of age. Because his sentence of 16 years means that he will be in prison beyond his life expectancy, Alex argues that he was effectively sentenced to life imprisonment. Since the statutes that he was convicted under do not authorize a term of life, Alex believes that he was sentenced in violation of federal law.[6]

The court disagrees.

In support of his argument, Alex relies on the Seventh Circuit's decisions in *United States v. Martin*, 63 F.3d 1422 (7th Cir.1995) and *United States v. Prevatte*, 66 F.3d 840 (7th Cir.1995). Those cases, however, concerned the interplay between 18 U.S.C. § 34 and 18 U.S.C. § 844(i). Section 844(i) was recently amended, but prior to the amendment—the pre-amendment version of § 844(i) was applicable in *Martin* and *Prevatte*—it "indicated that a person convicted of destroying a building by means of fire and where death results shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment as provided in" § 34. *Martin*, 63 F.3d at 1432. Section 34 was also recently amended—the pre-amendment version was applicable in *Martin* and *Prevatte*. Prior to the amendment, § 34 provided

> Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life, if the jury shall in it discretion so direct....

18 U.S.C. § 34.

Because the government sought life imprisonment after the conviction in *Martin*, § 34 was triggered. *See Martin*, 63 F.3d at 1432. Once § 34 is triggered, "it is unlawful to impose a life sentence absent jury direction." *Prevatte*, 66 F.3d at 842. The jury in *Martin* refused to subject the defendant to life imprisonment. *Martin*, 63 F.3d at 1432. The judge, however, sentenced the defendant, who was 45 years of age at the time of sentencing, to 50 years in prison. *Id.* at 1433. Because the 50 year term of incarceration greatly exceeded the defendant's life expectancy, the court determined that the sentence was tantamount to a life sentence.

---

candid when he said that he could support such statements with evidence. Alex is merely arguing that by mentioning such evidence and failing to present it his defense lost credibility.

4. Furthermore, it's not like the "promised evidence" was exculpatory. Just because Alex may have made alot of money gambling and as a legitimate businessman does not mean that he didn't belong to the "Chicago Outfit" or that he didn't engage in a conspiracy to extort money from various business owners.

5. Like his first argument, Alex failed to raise this argument on appeal. His initial brief neglects to establish cause for the failure. Accordingly, just like the first argument, this argument is also barred from collateral review. His reply attempts to establish cause, but, as noted, arguments raised for the first time in a reply brief are

waived. *See* footnote 2. The court will address it anyway, though.

6. Of course, since Alex already outlived his life expectancy at the time of sentencing, according to his reasoning, *any* sentence would amount to a life sentence and thus be violative of federal law. Is Alex suggesting that if one outlives his life expectancy he cannot be incarcerated for committing particular federal crimes? Indeed, his brief suggests that the entire sentence should·be vacated and thus he should be free to do whatever he wants. Which, according to his convoluted reasoning, means that he could commit similar crimes again and be immune from incarceration since any sentence would exceed his life expectancy and amount to a term of life imprisonment.

*Id.* at 1433–34. Thus, since the jury refused to impose a life sentence but the judge essentially sentenced the defendant to life in prison, the court concluded that the judge abused his discretion. *Id.* at 1434.

The holding of the *Martin* case can be summarized as follows: "where a legislatively enacted sentencing scheme has expressly deprived a court of the possibility of imposing a life sentence, a sentence for a term of years exceeding the defendant's approximate life expectancy would ordinarily constitute an abuse of discretion." *Id.* The "legislatively enacted sentencing scheme" the court is referring to is the interplay between § 34 and § 844(i).

Here, however, there was no sentencing scheme that "expressly deprived the court of the possibility of imposing a life sentence," *i.e.,* the crimes of conviction do not expressly refer to § 34 like § 844(i) did in *Martin and Prevatte.* Accordingly, the *Martin/Prevatte* analysis is inapplicable.

If Alex is still not convinced that *Martin/Prevatte* is inapplicable to his case, he need only turn to footnote 6 in *United States v. Feinberg,* 89 F.3d 333, 341 n. 6 (7th Cir. 1996). In that case, the defendant was convicted under five counts. *Id.* One of those counts was § 844(i). *Id.* The defendant argued that *Martin/Prevatte* was applicable to his sentence because of the § 844(i) conviction. *Id.* The court disagreed. If the § 844(i) count would have been the only count of conviction the defendant would have been correct. The court noted, however, that *because the remaining four counts of conviction did not reference § 34 or subject the defendant to a potential life sentence* and the sentence would have been the same even if the defendant was not found guilty under § 844(i), the *Martin/Prevatte* analysis was inapplicable to those four counts. *Id.* Similarly, the counts of conviction in Alex's case neither referenced § 34 nor subjected him to a term of life imprisonment; thus, the *Martin/Prevatte* analysis is inapplicable to those counts.[7]

## C. *Illegally Seized Evidence*[8]

Alex saved his worst argument for last. This argument is at best frivolous. But first, to set the stage, one aspect of this case needs to be reviewed. When Alex was sentenced, this court departed upward two levels because he was engaged in "organized crime." The upward departure was affirmed on appeal. *Rainone,* 32 F.3d at 1208–09.

Counsel for Alex is an avid reader. While preparing Alex's § 2255 motion, he was reading *Accardo* by William Roemer, an ex-FBI agent. The book concerns the "Chicago Outfit." The book notes that Alex's condominium and the "mob's headquarters" on the Magnificent Mile were subjected to an illegal wiretap in the late 1950's to the mid 1960's. Counsel for Alex does not understand where the government could have obtained information that Alex was engaged in "organized crime." Thus, he believes the evidence of this must have come from the illegal wiretaps which occurred 25 to 35 years prior to sentencing. Because an upward departure was based on Alex's involvement in "organized crime" and the evidence of such involvement must have come from the illegal wiretaps, Alex argues that the two level upward departure should be set aside.

All the evidence necessary to determine that Alex was engaged in "organized crime" was elicited through testimony at trial and affirmed on appeal. This argument is meritless. No further discussion is warranted.

## III. *CONCLUSION*

Petitioner Gus Alex's motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence is DENIED.

---

7. In *United States v. DiDomenico,* 78 F.3d 294 (7th Cir.1996), it appears that the defendants raised an argument similar to Alex's position. The court noted that the defendants' argument was "frivolous" because none of the counts of conviction referenced § 34. *Id.* at 298.

8. The government makes no argument that this argument is procedurally defaulted.