**UNITED STATES of America, Plaintiff,**

v.

**Earl HILLSBERG, Defendant.**

**Nos. 85–CR–62, 97–C–411.**

United States District Court,
E.D. Wisconsin.

Sept. 2, 1997.

**1174**

Monica Rimai, Asst. U.S. Atty., U.S. Attorney's Office, Milwaukee, WI, for Plaintiff.

Earl Hillsberg, Florence, CO, pro se.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On April 18, 1997, the pro se petitioner, Earl Hillsberg, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" along with a supporting brief. The motion challenges the life sentence imposed on him by this court on August 12, 1985, in connection with his conviction of second degree murder. Because Mr. Hillsberg is a member of the Menominee Indian Tribe and the killing occurred on the Menominee Indian Reservation he was prosecuted under 18 U.S.C. § § 1153 and 1111.

By decision and order of May 12, 1997, I determined that Mr. Hillsberg's motion passed scrutiny under Rule 4, Rules Governing Section 2255 Proceedings. As a result, I entered a scheduling order pursuant to which the government was to file a response to Mr. Hillsberg's motion no later than June 9, 1997, and Mr. Hillsberg was to serve and file a reply, if any, no later than July 7, 1997. The government served and filed its response on June 3, 1997; Mr. Hillsberg has not filed a reply.

In his motion, Mr. Hillsberg challenges his judgment of conviction on three grounds: (1) that he was denied the effective assistance of trial counsel; (2) that his sentence was illegal

in that "at the time of [his] conviction second degree murder did not carry natural life"; and (3) his sentence is unconstitutional insofar as 18 U.S.C. § 1153, pursuant to which this court had jurisdiction over his criminal action, violates the due process and equal protection clauses of the United States Constitution.

A review of Mr. Hillsberg's motion reveals that he filed a direct appeal in which he challenged his conviction and sentence on ten grounds: (1) trial court wrongly excluded question to psychiatric expert; (2) trial court wrongly denied defendant's request for new counsel; (3) trial court erred in admitting evidence of other acts; (4) trial court wrongly excluded evidence of the victim's violent propensities; (5) sufficiency of the evidence; (6) trial court improperly admitted photograph of the decedent; (7) the sentence of life imprisonment was excessive under the Eighth Amendment; (8) trial judge failed to recuse himself; (9) ineffective assistance of trial counsel; and (10) the trial court committed plain error by referring to the defendant as a "killer" in the jury instructions. The court of appeals for the seventh circuit rejected all of these arguments and affirmed Mr. Hillsberg's conviction. *United States v. Hillsberg,* 812 F.2d 328 (7th Cir.1987). None of the arguments raised by Mr. Hillsberg in the instant § 2255 motion were advanced by him on direct appeal.

## I. Ineffective Assistance of Trial Counsel

Mr. Hillsberg's ineffective assistance of trial counsel claim consists solely of the following statement: "my attorney failed to raise an indicated defense." In order to establish that trial counsel rendered ineffective assistance the petitioner must satisfy the well-established two-prong test identified by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different.

Mr. Hillsberg's lone statement that his trial attorney did not raise an indicated defense falls severely short of meeting the *Strickland* test. As correctly noted by the government, the statement fails to identify the defense which Mr. Hillsberg's counsel allegedly failed to raise. In addition, Mr. Hillsberg has not argued or pointed to anything in the record to suggest that the result of his criminal proceeding would have been different had the unspecified defense been raised. Further, Mr. Hillsberg did not provide the court with any additional information surrounding his ineffective assistance of counsel claim in response to the government's contention that his statement did not satisfy his burden under *Strickland.*

Therefore, I find that Mr. Hillsberg has failed to demonstrate that he was, in fact, denied the effective assistance of trial counsel.

## II. Sentencing and Due Process/Equal Protection Claims

The movant also argues that this court should vacate his sentence because: (1) the statute pursuant to which he was sentenced did not authorize a penalty of life imprisonment; and (2) 18 U.S.C. § 1153, pursuant to which this court had jurisdiction over his criminal action, violates the due process and equal protection clauses of the United States Constitution. The government argues that the court should reject these arguments because Mr. Hillsberg procedurally defaulted on these claims by not raising them on direct appeal and because they lack merit.

A § 2255 motion is "neither a recapitulation of nor a substitute for direct appeal." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992). Thus, "[c]onstitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscar-

riage of justice." *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996).

It is clear that the sentencing and due process/equal protection arguments advanced by Mr. Hillsberg allege constitutional errors with respect to his criminal action. Nevertheless, Mr. Hillsberg has not offered any explanation for his failure to raise these arguments on direct appeal. Hence, I am unable to conclude that the movant had cause for his procedural default or that he has suffered actual prejudice because of the default.

Moreover, Mr. Hillsberg has not alleged, much less established by proof, that failure to consider the claims will lead to a "fundamental miscarriage of justice." Therefore, Mr. Hillsberg has failed to make the showing necessary for this court to address his procedurally defaulted claims.

Even if Mr. Hillsberg had not procedurally defaulted these claims, he would not be entitled to relief under § 2255 because his constitutional claims lack merit.

## A. *Constitutionality of Life Sentence*

■ Mr. Hillsberg alleges that the life sentence he received for his conviction for second degree murder under 18 U.S.C. § 1111 was unconstitutional because it was not an available penalty for the crime. The current and 1985 versions of 18 U.S.C. § 1111 both provide: "[w]hoever is guilty of murder in the second degree shall be imprisoned for any term of years or for life." Therefore, the movant's contention that a life sentence was not an available sentence will be dismissed as it is legally frivolous.

## B. *Due Process/Equal Protection*

■ The movant's final challenge to his confinement concerns the constitutionality of the statute pursuant to which this federal court had jurisdiction over his criminal action. Under 18 U.S.C. § 1153, pursuant to which Mr. Hillsberg was charged and convicted, a Native American who commits any one of a number of prohibited acts, including murder, within Indian Country, "shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." During the movant's criminal trial, the government proved that Mr. Hillsberg was certified as a member of the Menominee Indian Tribe of Wisconsin based upon his 51/128 degree of Menominee Indian blood as required for jurisdictional purposes under 18 U.S.C. § 1153.

In his § 2255 motion, Mr. Hillsberg does not challenge his status as a Native American or the validity of the certification. Rather, he maintains that, to the extent that § 1153 is limited to Native Americans as defined by one's degree of Indian blood, the statute violates the equal protection component of the Fifth Amendment due process clause.

The United States Supreme Court has rejected this very argument in *United States v. Antelope,* 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977). In *Antelope,* the defendants, who were convicted of burglary, robbery and murder under 18 U.S.C. § § 1153 and 1111, appealed their convictions on the ground that such convictions were violative of their equal protection rights. Like Mr. Hillsberg, the defendants in *Antelope* argued that § 1153 relied on an impermissible racial classification insofar as a non-Indian who committed murder would not be subject to the federal murder statute—18 U.S.C. § 1111. *Id.* at 644, 97 S.Ct. at 1397–98. The Supreme Court did not accept this argument; it held that federal legislation with respect to Indian tribes, including the federal criminal statute at issue—18 U.S.C. § § 1153—although relating to Indians as such, are not based upon impermissible racial classifications." *Id.* at 645, 97 S.Ct. at 1398. Because the United States Supreme Court has determined that § 1153 is constitutionally sound, the movant's challenge to this statute is without merit as a matter of law.

Accordingly, for all of the reasons recited above, Mr. Hillsberg's motion under § 2255 will be denied.

Therefore, IT IS ORDERED that Mr. Hillsberg's motion under § 2255 be and hereby is denied.