142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. TAYLOR, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-3767.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 26, 1998.*
Decided March 27, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 97 C 260, Barbara B. Crabb, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Charles E. Taylor appeals the district court's dismissal of his motion made pursuant to 28 U.S.C. § 2255. On appeal he raises two issues. First, Taylor argues that the district court erred in determining that he could not show cause and prejudice for failing to raise in a direct appeal a claim for breach of his plea agreement. He also asserts that the court erred in rejecting his claim that his plea agreement was not knowing and voluntary due to ineffective assistance of counsel. We affirm.
 
 
 2
 Taylor, along with several others, was charged in a four-count indictment with conspiracy to distribute cocaine and marijuana, and possession of cocaine with intent to distribute.[1] 21 U.S.C. §§ 841(a)(1), 846. Pursuant to a plea agreement, Taylor pleaded guilty to one count of the indictment that charged possession of cocaine with intent to distribute. He was sentenced to 188 months of incarceration. Taylor did not file a direct appeal, but later filed a motion pursuant to 28 U.S.C. § 2255, arguing that: (1) the plea agreement had been breached because drug quantities from the dismissed counts were considered for sentencing purposes; and (2) his plea was not knowing and voluntary because he relied on his attorneys' advice that he would not receive more than six years of imprisonment if he pleaded guilty.[2] Both of these arguments were premised on assertions of ineffective assistance of counsel.
 
 
 3
 The district court denied Taylor's motion. The court initially found that Taylor could not show cause for failing to bring his breach-of-the-plea-agreement argument in a direct appeal and was therefore barred from raising the issue in a § 2255 motion. After holding an evidentiary hearing on the voluntariness of Taylor's plea, the court found that Taylor's attorneys had not provided ineffective assistance and that Taylor had entered a knowing and voluntary plea. Taylor then moved for reconsideration.
 
 
 4
 The district court granted the motion for reconsideration in part, solely to determine whether Taylor could show cause and prejudice for not challenging the alleged breach of the plea agreement on direct appeal. The district court noted that if Taylor's attorney had refused to take an appeal at Taylor's request, such a refusal would constitute per se ineffective assistance of counsel and thereby establish cause for Taylor's failure to bring a direct appeal. Castellanos v. United States, 26 F.3d 717, 718, 720 (7th Cir.1994). However, the district court went on to conclude that, based upon further consideration of the evidence adduced at the earlier hearing, the failure to appeal was caused not by counsel's refusal to bring an appeal, but instead by Taylor's own decision not to pursue an appeal. The district court then issued Taylor a certificate of appealability on the issues of: (1) whether he could show cause and prejudice for failing to raise the issue of breach in a direct appeal; and (2) whether his plea was knowing and voluntary because his attorney informed him that he could only receive six years' imprisonment.
 
 
 5
 On appeal of a district court's denial of a § 2255 motion, this court reviews questions of law de novo and factual determinations for clear error. Wilson v. United States, 125 F.3d 1087, 1090 (7th Cir.1997). " '[I]f two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous.' " United States v. Taylor, 72 F.3d 533, 546 (7th Cir.1995) (quoting United States v. McDonald, 22 F.3d 139, 144 (7th Cir.1994)).
 
 
 6
 Taylor first argues that the district court erred in determining that he could not show cause and prejudice for failing to raise breach of the plea agreement in a direct appeal. A constitutional error not raised on direct appeal can be raised in a § 2255 motion if the defendant demonstrates both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996). Ineffective assistance of counsel can satisfy the cause component. Fern v. Gramley, 99 F.3d 255, 259 n. 4 (7th Cir.1996). In order to establish ineffective assistance of counsel, Taylor must demonstrate that his counsel's performance was deficient, and that he was prejudiced as a result of the deficiency. United States v. Gregory, 74 F.3d 819, 823 (7th Cir.1996).
 
 
 7
 Taylor asserts that counsel did not object to the alleged breach of the plea agreement and failed to advise him that he should appeal the breach issue. The plea agreement was not breached when conduct from the dismissed counts was considered as relevant conduct. "It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted." United States v. Valenti, 121 F.3d 327, 334 (7th Cir.1997): see U.S.S.G. § 1B1.3(a)(2). In addition, because an appeal on the issue of breach would not have been meritorious, Taylor's counsel was not ineffective for not informing Taylor that he could appeal on a non-meritorious issue. Mason v. Hanks, 97 F.3d 887, 893 (7th Cir .1996). Therefore, Taylor has failed to show cause for not raising the breach of the plea issue in a direct appeal.
 
 
 8
 Taylor next argues that the district court erred in determining that his guilty plea was knowing and voluntary. He argues that his plea was not knowing and voluntary because his attorneys informed him that the maximum sentence he could receive was six years and that he would only be sentenced on the basis of the conduct to which he pleaded guilty. The district court heard conflicting evidence from Taylor and his attorneys on this issue. The court did not believe Taylor's testimony. The court, however, did find the testimony of his attorneys credible. These credibility determinations are entitled to deference. Duluth, Missabe & Iron Range Ry. Co. v. Wisconsin, 100 F.3d 69, 73 (7th Cir.1996). Further, Taylor stated at the plea colloquy that no promises had been made to him and that no one had told him that he would get a specific sentence. Also at the colloquy, Taylor stated that he understood that he could receive a maximum sentence of 20 years. Moreover, the Presentence Investigation Report, which Taylor assured the district court at the plea hearing that he had read, stated that drugs from the dismissed counts should be included in determining his offense level. (R. 128, Sentencing Hearing at 71; PSR at p 91.) Finally, at sentencing, Taylor stated that he had no objections other than those raised by his attorney. (R. 128, Sentencing Hearing at 71.) Based on our review of the record, the district court did not commit clear error in determining that Taylor's attorneys did not tell him that he faced only six years' imprisonment. The record also shows that the district court did not commit clear error in concluding that Taylor's attorneys informed him that he would be sentenced on all relevant conduct. Therefore, Taylor's plea was knowing and voluntary.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The facts relating to the drug conspiracy are set forth in detail in United States v. Taylor, 72 F.3d 533 (7th Cir.1995), and need not be repeated here
 
 
 [2]
 Taylor was originally represented by court-appointed counsel, but subsequently retained his own counsel prior to the change of plea hearing