**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph M. OUSLEY, Defendant–Appellant.**

**No. 96–1548.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1996.

Decided Nov. 13, 1996.

James J. Cutrone (argued), Daniel R. Sanders, Chicago, IL, for Defendant–Appellant.

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Virginia M. Kendall (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Before KANNE, CUDAHY, and ROVNER, Circuit Judges.

CUDAHY, Circuit Judge.

Joseph M. Ousley was arrested as part of an undercover reverse cocaine buy. He was charged with and convicted of conspiring to possess cocaine with intent to distribute and attempting to possess cocaine with intent to distribute. We affirmed Mr. Ousley's conviction in an opinion relating the facts in detail, and we need not repeat them here. *United States v. Jean,* 25 F.3d 588 (7th Cir.1994).

Mr. Ousley now petitions under 28 U.S.C. § 2255, alleging a violation of the Speedy Trial Act, 18 U.S.C. § 3161, resulting from pre-indictment delay. He also claims a violation of his Fifth Amendment right to due process. At oral argument, however, his attorney opened by conceding that "I don't believe this case involves any form of prejudice to Mr. Ousley." Given that to furnish adequate grounds for dismissal under 28 U.S.C. § 2255, the claimed error must be "jurisdictional, constitutional, or constitute[ ] 'a fundamental defect which inherently results in a complete miscarriage of justice,'" *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991) (quoting *Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)); *see also Bischel v. United States,* 32 F.3d 259, 263 (7th Cir.1994) (quoting same passage), Mr. Ousley is almost defeated at the outset.

The Speedy Trial Act requires that the government return an indictment, move to dismiss the complaint or seek an extension of time to indict within thirty days after arrest. 18 U.S.C. § 3161(b). The Act also allows the district court to exclude certain periods of time from the computation of delay. We review a decision of the district court to grant an exclusion of time for abuse of discretion. *United States v. Leiva,* 959 F.2d 637, 640 (7th Cir.1992). A showing of "actual prejudice" is required before we will reverse for an erroneous time exclusion under 18 U.S.C. § 3161(h)(8)(A). *Id.; United States v. Blandina,* 895 F.2d 293, 296 (7th Cir.1989).

Mr. Ousley alleges that the government misrepresented its reasons for seeking an extension beyond the thirty-day deadline to indict. With seven days remaining before the permissible thirty days expired, the government requested an additional sixty days to indict, alleging that:

> 2. Although not charged in the complaint, the defendants engaged in discussions with undercover Drug Enforcement Administration (DEA) agents regarding the purchase of massive quantities of cocaine and the overthrow of the Haitian government. More specifically, as set forth in the attached complaint and affidavit, the conversations concerned distribution of large quantities of cocaine by the defendants, the proceeds of which would be used to overthrow the Haitian government. Following the coup, Haiti would be used as a base through which drugs would be funneled into the United States.
>
> 3. Because of the complex nature of this case, the severe consequences implicated by the defendants' expressed intentions, the investigation will take at least two months to complete.

United States' Motion to Exclude Time at 1–2. At a hearing, the district court found the written motion to be insufficient to justify a sixty-day continuance. Thereupon, Assistant United States Attorney (A.U.S.A.) George Jackson successfully requested an *ex parte* hearing *in camera*.[1] During the *in camera* discussions, A.U.S.A. Jackson did not pursue the Haitian allegations, but instead made a more general argument: that Mr. Ousley and his co-defendant might be connected, through their source, to a larger conspiracy still under investigation. A.U.S.A. Jackson was unable to provide full details, however. The district judge nevertheless chose to exclude seven days and continue the hearing so that the government could provide him more details.

Two days later, Assistant United States Attorney Scott Levine (who, while not present earlier in the proceeding, was directing the larger investigation) presented a fuller description of the larger (perhaps related) conspiracy, again *ex parte* and *in camera*. A.U.S.A. Levine revealed that a long-term investigation had led to the arrests of three separate groups of individuals, one of which consisted of Mr. Ousley and his co-defendant. After the arrests, as A.U.S.A. Levine explained, the government was attempting to determine whether to indict the three groups of defendants as a single conspiracy or as three separate conspiracies. With more complete facts before him, the district judge then granted the government a thirty-day exclusion. Fifty-eight days after being arrested, Mr. Ousley was finally indicted.

Mr. Ousley argues that the government's representation of possible links to a Haitian connection that required more investigation was false, and that the court therefore allowed an unwarranted seven-day extension. It does appear that there was not much substance to the Haitian allegation. At least, it was not pursued during the in camera discussion, and no charges connected with Haiti were prosecuted in relation to any of the three conspiracies that the government mentioned. Instead, once safely in camera, the government cited a larger, ongoing cocaine investigation as the reason necessitating an exclusion of time before Mr. Ousley's indictment was returned.

Prior to the request for an *in camera* hearing, the district court referred to the Haitian connection as "a little offbeat." We agree. But, at oral argument, the defendant agreed that the Haiti claim was not an outright lie.[2] On the other hand, the statement seems to have been both sensational and somewhat misleading. Such claims are not appropriate or necessary when *in camera*

---

1. It is permissible for communications with the court to take place *ex parte* and *in camera* when they relate to an ongoing grand jury investigation. "[A] district court may properly maintain the secrecy of the details of an ongoing grand jury investigation when considering a motion to exclude time under the Speedy Trial Act by reviewing sensitive items ex parte and in camera." *United States v. Jean,* 25 F.3d 588, 594 n. 2 (7th Cir.1994) (citing *United States v. Marin,* 7 F.3d 679 (7th Cir.1993)).

2. When Judge Rovner asked Mr. Ousley's counsel whether Jackson's representation really could *not* be described as an "out and out ... just lie about this kind of situation," counsel replied, "I certainly agree with that."

discussion can protect the secrecy of the grand jury and fully enlighten the district court.

Mr. Ousley argues that the government's misrepresentation prevented him from contesting the motion for time, and thus prevented the district court from considering dismissal at the expiration of the time to indict. As the district court found, Mr. Ousley would have been prevented from contesting the grounds of the motion in any case, since they involved an ongoing grand jury investigation. In addition, the district court also correctly found that the same indictment would have been returned in any event, but perhaps a month earlier. Therefore, as his own attorney admitted, Mr. Ousley suffered no cognizable prejudice. This alone is adequate grounds for refusing to dismiss the indictment. *United States v. Moutry*, 46 F.3d 598, 600 (7th Cir.1995); *United States v. Washington*, 48 F.3d 73, 77 (2d Cir.1995), *cert. denied*, —— U.S. ——, 115 S.Ct. 2596, 132 L.Ed.2d 843 (1995); *United States v. Tinson*, 23 F.3d 1010, 1012–13 (6th Cir.1994). The dismissal is accordingly

AFFIRMED.