Scott R. SERFLING, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 96 C 6940.

United States District Court,
N.D. Illinois,
Eastern Division.

April 4, 1997.

Scott R. Serfling, pro se.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion of Scott R. Serfling ("Serfling") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

### I. FACTS

On May 11, 1995, a petit jury found Serfling guilty of defrauding four individuals of an amount in excess of $425,000. Tim Metz ("Metz"), a veteran *Wall Street Journal* Reporter, was among those defrauded by Serfling. Interestingly, Metz featured Serfling in his book *Black Monday,* on the October 19, 1987, "crash" of the stock market. *See* Matt O'Connor, "Ex–Merc Trader Gets 3–Year Term—Investors' Money Used For Personal Reasons," *Chicago Tribune,* November 10, 1995. Years later, Metz trusted Serfling with his retirement savings of $360,-

850.99, an amount used by Serfling not for investment purposes, but to pay for apartment rent, a luxury car, children's toys, a membership in a dating service, and for payments of debts to previous investors. *Id.*

The trial record establishes that Serfling convinced each of the four individuals to invest money in the commodities market through him, although the National Futures Association had enjoined Serfling from trading commodity futures contracts and from soliciting money. *See United States v. Serfling,* 91 F.3d 147 (7th Cir.1996). Despite the injunction, Serfling represented himself to his customers that he was a licensed commodities broker. *Id.* Serfling then appropriated all supposed investment money to himself.

When the Federal Bureau of Investigations questioned Serfling regarding its investigation of a complaint by Richard Mudge, one of Serfling's clients, Serfling lied, telling the agent that he would return to the trading floor in minutes. *Id.* By that point, however, the National Future Association had already revoked Serfling's license. *Id.* Further, Serfling told the FBI agent that Mudge's money was safely in an interest-bearing escrow account frozen by the National Future Association. *Id.* In reality, Serfling had already spent the money. *Id.*

Armed with the above facts, in addition to numerous documents and witnesses, the United States Government prosecuted Serfling for fraud. As already discussed, the jury found Serfling guilty. On November 9, 1995, this court sentenced Serfling to thirty-seven months of imprisonment, followed by two years of supervised release. The court ordered $425,850.99 in restitution. Serfling appealed the judgment and, on July 15, 1996, the United States Court of Appeals for the Seventh Circuit affirmed the conviction in its totality. *See United States v. Serfling,* 91 F.3d 147 (7th Cir.1996).

Serfling now attempts to collaterally attack the conviction and sentence by way of filing the instant § 2255 petition. Serfling claims his trial and appellate attorneys ineffectively represented him. Neither Serfling nor his attorneys raised any of the issues presented within the instant motion at trial or on appeal.

## II.  DISCUSSION

■ Habeas corpus relief under 28 U.S.C. § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991). (quoting *Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)). Therefore, Serfling may not raise three types of issues: (1) issues that he or his attorneys raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not, raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, save those constitutional issues which Serfling can show both "good cause" for, and actual prejudice from, the procedural default. *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996). Serfling contends that both his trial counsel and appellate counsel, distinct attorneys with no connection, did not effectively represent him at the respective judicial levels, thus depriving him of his Sixth Amendment right "to have the assistance of counsel for his defense." U.S. Const. amend. VI. Therefore, the issues raised in the petition *sub judice* are of the third variety, constitutional issues not raised on direct appeal. Accordingly, before the court may consider the motion's merits, Serfling must first show cause for, and prejudice resulting from, his failure to raise the issues on direct appeal.

### A.  Cause and Prejudice

■ Serfling has failed to make the requisite showing of cause and prejudice. Though courts liberally construe a *pro se* submission, *Blake v. United States,* 841 F.2d 203, 205 (7th Cir.1988), courts must also respect the limitations on their power under § 2255. *See United States v. Springs,* 988 F.2d 746, 748 (7th Cir.1993). As his own motion states, Serfling released his trial counsel prior to sentencing. At sentencing, the court gave Serfling ample opportunity to express his dissatisfaction with his trial attorney. Serfling said nothing. Moreover, Ser-

fling's new attorney, who was present at Serfling's sentencing hearing, and in fact made several arguments on Serfling's behalf during the hearing, made no mention of any prior attorney incompetence. Nor did Serfling's second attorney raise an ineffective assistance of counsel issue on appeal.

Serfling's petition does not address his failure to raise the issue at sentencing. Other than mere conclusory allegations, nothing within the four corners of the Petition can be construed as attempting to demonstrate cause and prejudice. Such conclusions alone are insufficient to show the "cause" and "prejudice" necessary to resurrect a substantive issue after procedural default. *Oliver v. United States,* 961 F.2d 1339, 1341 (7th Cir. 1992). Accordingly, all of the substantive claims are procedurally barred. *Id.*

### B. Substantive Issues: Ineffective Assistance of Counsel

Yet, had Serfling not procedurally defaulted, the court would have found his ineffective assistance of counsel claim to be without merit. In order to prevail on an ineffective assistance of counsel claim, Serfling must satisfy a two-pronged test: first, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness; and second, he must demonstrate that this performance so prejudiced him as to "undermine confidence in the outcome" of the proceeding. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Hubbard,* 929 F.2d 307, 310 (7th Cir.1991). The failure to satisfy either prong is fatal to a Petitioner's claim. *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir.1990).

As to the performance prong, a habeas corpus petitioner must identify the specified acts or omissions of counsel that form the basis for his claim of ineffective assistance. *United States v. Moya–Gomez,* 860 F.2d 706, 763–64 (7th Cir.1988). But quibbles with trial strategy can not, as a matter of law, form the basis of such a claim *Bergmann v. McCaughtry,* 65 F.3d 1372, 1380 (7th Cir. 1995). Further, there exists a strong presumption that a criminal defendant's counsel provided reasonable professional assistance.

*Kubat v. Thieret,* 867 F.2d 351, 359 (7th Cir.1989).

Serfling contends that he received ineffective assistance of counsel in six respects. The first five involve trial strategy; the last does not. First, Serfling claims that his trial counsel did not contact or interview certain potential defense witnesses. Second, Serfling alleges that his trial counsel's opening statement was too short. Third, Serfling claims that his trial counsel did not present evidence regarding his net worth. Fourth, Serfling takes issue with his trial counsel's decision not to introduce evidence of Serfling's contact with Chase Manhattan Bank. Fifth, Serfling alleges that his trial counsel did not meet with him sufficiently to prepare for trial. Finally, Serfling alleges that his trial counsel failed to submit a jury instruction to the effect that petitioner acted on the advice of counsel in taking the money.

### 1. Trial Strategy

Serfling suggests that his trial counsel knew of, but did not call to the stand, several potential defense witnesses. Serfling apparently suggests that the testimony of the additional witnesses, most of them attorneys, would have buttressed his contention that he relied on the advice of counsel in appropriating hundreds of thousands of dollars. Yet, Serfling does not present affidavits regarding what they would have said and how they would have helped his case, as required by the Seventh Circuit. *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir.1996). Serfling cannot prevail in his ineffective assistance of counsel claim simply by submitting a list speculating about the testimony of possible witnesses. *United States v. Gramley,* 915 F.2d 1128, 1134 (7th Cir.1990). Further, the court agrees with the Government that such testimony would probably not suffice to support an "advice of counsel" defense. Therefore, absent a showing a showing of the specific testimony that the potential witnesses would have offered, and absent a showing that such testimony might have changed the outcome of the trial, the court finds Serfling's first that contention is without merit.

■ Serfling also argues that his trial counsel's opening statement was too brief. For obvious reasons, the length of the opening statement is a reflection of trial strategy and, as stated above, trial strategy decisions are not usually Sixth Amendment violations. *Rogers–Bey v. Lane,* 896 F.2d 279, 282 n. 2, 283 (7th Cir.1990). Serfling has offered nothing to support his allegation that a more lengthy opening statement would have been the more professional and competent approach at trial. *Balfour v. Haws,* 892 F.2d 556, 562 (7th Cir.1989). Nor has Serfling submitted evidence to show that a longer opening statement would have resulted in a different result of the proceeding. *See United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir.1990). Therefore, with regard to the second "trial strategy" argument, the court finds that Serfling "has failed to overcome the presumption by demonstrating that, under the particular circumstances of this case, counsel's actions were not within the domain of acceptable trial strategy." *Gramley,* 915 F.2d at 1134.

■ Next, Serfling argues that his attorney did not present enough evidence to sufficiently demonstrate his financial worth at the time of trial. In support of his claim, Serfling submits financial information of questionable reliability and secondary relevance to show that he was financially better-off than the prosecution portrayed him at trial. However, the documents are neither reliable, accurate, nor related to the relevant time periods. Yet, even assuming accuracy, reliability and relevance, the court finds that, in accordance with the above-cited case law, Serfling has not shown that the evidence would have likely altered the outcome if the trial.

■ Fourth, Serfling submits evidence of "early-stage contacts" with representatives of Chase Manhattan Bank ("Chase") which he asserts should have been used by his attorney to impeach Chase's representation at trial that it had no records of any such conversations. Assuming *arguendo* that the documents are genuine, the court notes that such evidence of "early-stage contacts" does not contradict Chase's assertion that it did not have *records* of such contacts. The evidence of early-stage contacts was inadequate to contradict the overwhelming evidence that Serfling schemed to defraud various defendants out of hundreds of thousands of dollars. Moreover, the decision whether to introduce documents whose effect is unclear certainly falls within the scope of tactical choices that a trial counsel must make, and may not be revisited via an ineffective assistance of counsel claim. *United States v. Moutry,* 46 F.3d 598, 605 (7th Cir.1995).

■ Finally, Serfling argues that his trial counsel only met with him five times before trial, with each meeting lasting "five to ten minutes." Serfling does not complain that he did not have sufficient opportunity to discuss his case telephonically with his counsel; nor does he contend that his counsel did not sufficiently communicate by writing. This was a lengthy trial and counsel conferred with his client before, during and after each trial day. Moreover, Serfling does not set out "sufficiently precise information" that additional and more lengthy meetings would have resulted in a different outcome at trial. *See Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987). Again, because the petition does not contain such information, the court must find that Serfling has not met his burden under § 2255 sufficient to collaterally attack the federal conviction and sentence.

### 2. Advice of Counsel Instruction

■ Serfling claims that his trial counsel was ineffective because he did not submit an advice of counsel instruction to the trial court. Serfling asserts that several lawyers indicated to him that he should engaged in the conduct for which he was convicted. As the Government points out, such an instruction requires a defendant to show that "(1) before he took any action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report." *United States v. Cheek,* 3 F.3d 1057, 1061 (7th Cir.1993). In order to use

the defense, he would have had to present evidence at trial which showed that he expressly confirmed with all of his lawyers that the liquidation and self-appropriation of all the funds received from his "clients" was legal. Yet, Serfling does not suggest how he or his trial counsel could have shown this. Serfling's failure is due to impossibility: not even a scintilla of evidence exists which suggests that his attorneys advised him that the conduct for which he was convicted and sentenced was within the bounds of the law. As such, Serfling has neglected to make a sufficient showing that his counsel rendered him constitutionally ineffective assistance.

### III. CONCLUSION

In conclusion, the court finds that Serfling is procedurally barred from raising the above arguments for collateral review. Nevertheless, those arguments, all based on the ineffective assistance of counsel claim, are groundless. Nothing argued by Serfling could alter the well-documented and well-supported trial evidence showing a patent violation of federal law. Accordingly, the court denies the motion.

IT IS SO ORDERED.