**Efrain SALAS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Nos. 95 C 5672, 88 CR 126–9.

United States District Court,
N.D. Illinois,
Eastern Division.

March 16, 1998.

Efrain Salas, San Juan, PR, pro se.

L. Felipe Sanchez, United States Attorney's Office, Chicago, IL, for U.S.

### *OPINION AND ORDER*

NORGLE, District Judge.

Before the court is Petitioner Efrain Salas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. For the following reasons, the motion is denied.

**1.** The exact date is unclear from the record.

## I. BACKGROUND

On February 17, 1987, a grand jury returned an indictment against twenty-one defendants, including Petitioner Efrain Salas ("Salas"). Some time thereafter, the grand jury returned a superseding indictment.[1] On January 27, 1989, Salas entered a plea of guilty to Count One, and Count Sixty–One of the indictment. In Count One, Salas, and his co-defendants, were charged with conspiring to distribute heroin, marijuana, and cocaine in violation of violation of 21 U.S.C. § 846. In Count Sixty–One Salas was charged with specific instances of using a telephone to facilitate the distribution of heroin, marijuana, and cocaine in violation of 21 U.S.C. § 843(b).

The Probation Department prepared the pre-sentence investigation report ("PSI"), and calculated Salas' base offense level at 34. The PSI calculation included the "total amount of heroin distributed by the larger conspiracy of which Salas was a participant." *See United States v. Rosa,* 946 F.2d 505, 508 (7th Cir.1991) (Salas' direct appeal). On July 17, 1990, and August 16, 1990, Salas filed objections and supplemental objections, respectively, to his calculated base offense level.

The District Court used the PSI as a guide in calculating Salas' base offense level for purposes of his sentence. *Id.* On August 21, 1990, the District Court sentenced Salas to the following: (1) 151 months of incarceration for Count One and 61 months of incarceration for Count Sixty–One to run concurrently; (2) five years of supervised release; and (3) a special assessment of $100. Salas received a two-point reduction from the base offense level of 34 for acceptance of responsibility under § 3E1.1 of the U.S. Sentencing Guidelines Manual ("Sentencing Guidelines"), resulting in a base offense level of 32. *Id.*

On August 27, 1990, Salas filed a timely notice of appeal. On appeal, Salas contended that the District Court miscalculated his base offense level. Salas argued that his base offense level was erroneously calculated because it included the entire amount of drugs distributed by the conspiracy. Specifically,

Salas argued that three to ten kilograms of heroin should not have been considered in calculating his base offense level, given his minor role in the conspiracy. *Id.* Salas concluded that his base offense level should have been 26 rather than level 34 which included the heroin.

On October 11, 1991, the Seventh Circuit affirmed Salas' sentence. *Id.* at 505. The Seventh Circuit held that Salas' base offense level was properly calculated under the Sentencing Guidelines by including the heroin distributed by the conspiracy. *Id.* at 509.

On September 25, 1995, Salas filed this pro-se petition pursuant to 28 U.S.C. § 2255 asserting two issues: (1) whether a correction in Salas' sentence is warranted due to a clarification in the Sentencing Guidelines ("Sentencing Guidelines"); and (2) whether Salas received ineffective assistance of counsel because his attorney (a) misinformed him of the ultimate sentence attached to his guilty plea; (b) failed to properly investigate the Sentencing Guidelines; and (c) lured him into pleading guilty with erroneous information ("Ineffective Assistance of Counsel").

## II. DISCUSSION

Habeas corpus relief pursuant to § 2255 is limited to an "error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991) (quoting *Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)); *see also United States v. Ousley,* 100 F.3d 75, 76 (7th Cir. 1996).

A § 2255 motion is neither a recapitulation of, nor a substitute for, a direct appeal. *See McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996). Therefore, a petitioner may not raise three types of issues: (1) issues that he or his attorneys raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been, but were not, raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, unless petitioner can show both good cause for, and prejudice from the procedural default. *See Serfling v. United States,* 958 F.Supp. 389,

391 (N.D.Ill.1997); *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996).

With these principles in mind, the court will consider, in turn, Salas' claims for habeas corpus relief: (1) Sentencing Guidelines; and (2) Ineffective Assistance of Counsel.

### A. *Sentencing Guidelines*

First, Salas argues that he is entitled to a sentence correction due to a clarification in the Sentencing Guidelines.

At his sentencing hearing, the District Court calculated his base offense level by including the total amount of heroin distributed by the conspiracy. On appeal to the Seventh Circuit, Salas argued that the District Court miscalculated his base offense level under the Sentencing Guidelines. He argued that the heroin distributed by the conspiracy was not reasonably foreseeable to him given his limited participation in the conspiracy. The Seventh Circuit rejected his argument and held that Salas was properly sentenced under the Sentencing Guidelines. *See Rosa,* 946 F.2d at 509.

In his habeas motion, Salas points out that since his sentence and appeal there have been two changes to the Sentencing Guidelines: (1) deletion of § 2D1.4 effective November 1, 1992; and (2) a new example in the commentary of § 1B1.3 which is allegedly similar to Salas' case. Thus, Salas argues in his § 2255 motion that he is entitled to a sentence correction due to the changes.

Where a petitioner raises an issue on appeal, he is barred from raising the same issue in his § 2255 motion, unless he can show a change of circumstances, such as an intervening change of law. *See United States v. Anderson,* No. 96 C 2263, 91 CR 692-1, 1997 WL 370254, at *10 (N.D.Ill. June 30, 1997). Salas argued on appeal to the Seventh Circuit that the heroin distributed by the conspiracy should not be attributed to him because of his limited role in the conspiracy. *See Rosa,* 946 F.2d at 509. Petitioner makes the same argument in his § 2255 motion, and relies on the deletion of § 2D1.4 and the addition of a new example clarifying § 1B1.3 to show a change of circumstances.

The Seventh Circuit has stated that the Sentencing Guidelines and the Commission's interpretations of the Guidelines are authoritative. *See United States v. Hill,* 48 F.3d 228, 231 (7th Cir.1995). Therefore, it would seem that a change in the Sentencing Guidelines would constitute a change in law. However, Congress directed courts to apply the Sentencing Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4), (a)(5); *United States v. Bader,* 956 F.2d 708, 709 (7th Cir.1992). In addition, Congress gave the Sentencing Commission the power to decide whether its amendments will be given retroactive effect. *Cf.* 28 U.S.C. § 994(u). To this end, § 1B1.10 of the Sentencing Guidelines sets forth the amendments that apply retroactively. *See* U.S. Sentencing Guidelines Manual § 1B1.10.

Neither the amendment adding Application Note (c)(7) to § 1B1.3 nor the amendment deleting § 2D1.4 from the Sentencing Guidelines are included in the list of amendments which apply retroactively. *Id.* Therefore, those amendments to the Sentencing Guidelines do not constitute a sufficient change of circumstances to allow Salas to repeat his Sentencing Guidelines argument in his § 2255 motion.

■ However, even assuming that the change in the Sentencing Guidelines did constitute a sufficient change of circumstances, Salas' argument fails on its merits. The crux of Salas' argument is that the fact pattern described in Application Note 2(c)(7) to § 1B1 .3 of the Sentencing Guidelines is applicable to his situation.

Application Note 2(c)(7) states:

Defendant R recruits Defendant S to distribute 500 grams of cocaine. Defendant S knows that Defendant R is the prime figure in a conspiracy involved in importing much larger quantities of cocaine. As long as Defendant S's agreement and conduct is limited to the distribution of the 500 grams, Defendant S is accountable only for that 500 gram amount (under subsection (a)(1)(A)), rather than the much larger quantity imported by Defendant R.

U.S. Sentencing Guidelines Manual § 1B1.3. Consequently, a minor player can only be held accountable for the drugs he distributed. *Id.*

The evidence and record shows, however, that Salas was not a minor player in the conspiracy as he contends. The District Court found, and the Seventh Circuit affirmed, that Salas was a major participant in the Luis Vazquez narcotics conspiracy. *See Rosa,* 946 F.2d at 509.

The record reveals that Salas was not, as he suggests, merely a peripheral coconspirator unaware of the true breadth of the drug operation in which he was involved. Indeed the evidence introduced at Salas' sentencing hearing indicates that he was in frequent contact with Luis Vazquez, the central organizer of the drug distribution network. Further, Salas conceded that he used code words such as "brown cars" and "white cars" in telephone conversations with Mr. Vazquez in order to discuss heroin and cocaine transactions and that he was aware that Mr. Vazquez used a Chicago area restaurant as the base for his widespread distribution of cocaine, heroin, and marijuana. At the time of his arrest, Salas possessed both heroin and cocaine. In the face of such evidence it was not clear error for the district court to conclude that Salas could reasonably have foreseen the distribution of heroin as well as cocaine.

*Id.* (citation omitted). Therefore, because Salas was found to be a major participant, the Seventh Circuit affirmed that Salas was properly held accountable for the entire amount of drugs distributed by the conspiracy. *Id.*

Against this backdrop, Salas' argument is unpersuasive. The record shows that Salas was an active and significant participant in the Vazquez drug conspiracy. There is no basis for the court to conclude that Salas' agreement and conduct was somehow limited, and did not include the distribution of three to ten kilograms of heroin. Thus, Salas cannot benefit from Application Note 2(c)(7). Accordingly, even if Salas was not procedurally barred from raising this claim, it would lack merit. Therefore, the court holds that Salas was sentenced correctly and denies Salas' § 2255 motion on this ground.

## B. *Ineffective Assistance of Counsel*

Second, Salas argues that he was denied effective assistance of counsel at his sentencing hearing and on appeal by his attorney. Salas claims that his attorney was "ineffective [1] for misinforming the petitioner on the ultimate sentence that petitioner would receive, [2] for failing to properly investigate the Sentencing Guidelines, and [3] for luring the petitioner into pleading guilty with erroneous information." (Pet'r Mem. at 2.) Salas raises his ineffective assistance of counsel for the first time on his § 2255 motion.

Since Salas failed to raise his constitutional claims on direct appeal, he is barred from raising them on collateral review unless he shows both good cause for failing to raise the claims on direct appeal and actual prejudice from his failure to raise those claims, ("cause and prejudice test"). *See Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996); *see also Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir.1996); *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996). The court will consider each component of the test in turn.

■ The Seventh Circuit has held that it is proper to raise an ineffective assistance of counsel argument for the first time in a § 2255 motion, particularly when trial counsel also represented petitioner on appeal. *See McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996). If trial counsel was petitioner's appellate counsel, courts do not expect petitioner's counsel to raise on appeal his own ineffectiveness at trial. *Id.*

Such is the case here. Salas was represented by the same attorney during his sentencing hearing and appeal. Therefore, Salas can show good cause for failing to raise his ineffective assistance of counsel claim on direct appeal. Consequently, the court must determine whether Salas can show the requisite prejudice to bypass the procedural hurdle. Determining whether prejudice resulted necessarily entails discussing the merits of Salas' ineffective assistance of counsel claim.

In order to show ineffective assistance of counsel, Salas must show that his attorney's representation fell below an objective standard of reasonableness and that but for the deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both components of the test are necessary, and the lack of either component is fatal to the claim. *See Eddmonds v. Peters,* 93 F.3d 1307, 1313 (7th Cir.1996).

Salas argues in his § 2255 motion that he received ineffective assistance of counsel because his counsel failed to do a number of things. Essentially, Salas argues that his counsel did not accurately predict his sentence under the Sentencing Guidelines and that he plead guilty because of his attorney's predictions.

■ It is well-settled that counsel's inaccurate predictions of petitioner's sentence does not constitute ineffective assistance of counsel. *See Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993); *Chichakly v. United States,* 926 F.2d 624, 630 (7th Cir.1991); *United States v. Arvanitis,* 902 F.2d 489, 494 (7th Cir.1990). The policy behind this rule is that the sentencing consequences of guilty pleas are extraordinarily difficult to predict. *See United States v. Barnes,* 83 F.3d 934, 939 (7th Cir.1996). Although the Sentencing Guidelines restrict the sentencing discretion of the courts, some discretion still exists and predicting the exercise of that discretion is an uncertain art. *Id.* at 940. Waiving trial entails the inherent risk that the good faith evaluations of a competent attorney will turn out to be mistaken as to what a court's judgment might be. *See Arvanitis,* 902 F.2d at 494.

■ As such, Salas' allegation that counsel incorrectly predicted his sentence is not enough to show deficient performance. The record shows that his attorney: (1) filed objections and supplementary objections to the PSI; (2) argued at Salas' sentencing that the heroin should not be attributed to Salas; and (3) argued on appeal that Salas' sentence was miscalculated. Thus, Salas has failed to demonstrate that his attorney's representation fell below an objective standard of reasonableness. As such, Salas' ineffective as-

sistance of counsel claim fails. *See Peters,* 93 F.3d at 1313.

 Although the court need not go any further, *id.,* the court will briefly discuss why Salas cannot show that any prejudice resulted from his attorney's alleged ineffectiveness. In order to argue prejudice, Salas states in his § 2255 motion that he would have insisted on going to trial if his counsel had correctly predicted his ultimate sentence. A mere allegation by the petitioner that he would have insisted on going to trial is insufficient to establish prejudice. *See Barker* at 633 (*citing Key v. United States,* 806 F.2d 133, 139 (7th Cir.1986)). The petitioner must show that there is a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.; see also Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Again, Salas fails to make the requisite showings. Even if his attorney's advice led Salas to misunderstand the consequences of his guilty plea, any confusion was cured by the District Court. The District Court informed Salas of the maximum penalties allowed by his guilty plea. Despite the District Court's admonishments, Salas pled guilty. Thus, the record reveals that Salas' guilty plea was made with full knowledge of its consequences.

Salas has not demonstrated that his attorney's representation fell below an objective standard of reasonableness or that he was prejudiced by his attorney's representation. Hence, Salas cannot show that he received ineffective assistance of counsel, let alone that he suffered any prejudice by failing to raise this claim in order to bypass the procedural hurdle. Therefore, Salas is procedurally barred from raising his ineffective assistance of counsel claim, and the court denies Salas' § 2255 motion on this ground as well.

## III. CONCLUSION

For the foregoing reasons, Salas is procedurally barred from raising the above argu-

ments for collateral review. Accordingly, the court denies Salas' § 2255 motion.

IT IS SO ORDERED.