**Robert HICKMAN, Petitioner–Appellant,**

v.

**John NASH, Warden, Defendant–Appellee.**

**Docket No. 00–2357.**

United States Court of Appeals, Second Circuit.

June 14, 2001.

Robert Hickman, Ray Brook, NY, pro se.

Barbara D. Cottrell, Assistant United States Attorney, for Daniel J. French, United States Attorney, N.D.N.Y., for appellee.

Present CALABRESI, KATZMANN, Circuit Judges, and KAPLAN, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and hereby is AFFIRMED.

Petitioner-appellant Robert Hickman ("Hickman") appeals the district court's (Scullin, *J.*) denial of his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. We affirm.

### BACKGROUND

On June 8, 1992, Hickman was arrested in New York City in connection with a conspiracy to distribute cocaine. Pursuant to a court order entered June 18, Hickman was removed to the District of Vermont. On July 7, the Government moved for a 45–day extension of time to file an indictment, and, on July 16, the district court granted a 20–day extension pursuant to § 3161(h)(8)(B)(iii). The indictment was filed on August 4. Hickman and his co-defendants proceeded to trial and were convicted.

On direct appeal, Hickman's co-defendants—but not Hickman himself—argued that their right to a speedy trial pursuant to § 3161(b) was violated. This court rejected the claim, *see United States v. Washington,* 48 F.3d 73, 77 (2d Cir.1995), and affirmed the convictions of all of the defendants. *See id.* at 81. It stated that the extension was "reasonably related to the needs of the case," *id.* at 77 (internal quotation marks omitted), and that the complaint "that the extension enabled the government to conduct a more thorough grand jury investigation than it could have conducted otherwise ... does not satisfy the required showing of prejudice." *Id.*

Hickman then filed the present § 2241 petition, contending that the speedy trial clock was not tolled by the district court's 20–day extension because the district court did not act in accordance with § 3161(h)(8)(A). Hickman also argues that § 2241 is the proper vehicle by which to bring his claim because § 2255 provides an inadequate or ineffective remedy. The district court denied Hickman's petition, concluding that (1) the indictment was not open to collateral attack in a § 2255 motion, and (2) the unavailability of review did not render § 2255 an ineffective or inadequate remedy such that Hickman may utilize § 2241. This appeal followed.

### DISCUSSION

■ We review a district court's denial of a petition for a writ of *habeas corpus de novo.* *See Lurie v. Wittner,* 228 F.3d 113, 121 (2d Cir.2000).

■ Because Hickman did not raise the speedy trial issue on direct appeal or in a *habeas petition* pursuant to § 2255, he can only succeed under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A court must consider a prisoner's § 2241 petition when "the petitioner cannot, for whatever reason, utilize § 2255, and ... the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997). Serious constitutional questions arise if a person who could prove his actual innocence on the existing record—and who could not have effectively raised his claim

---

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

of innocence at an earlier time—was denied access to a writ of *habeas corpus*. *See Id.* at 377–80. The district court notwithstanding, Hickman might well have been able to raise the speedy trial issue in a timely § 2255 petition. *See United States v. Ousley,* 100 F.3d 75, 76 (7th Cir.1996) (implying that a § 3161 speedy trial violation may be brought under § 2255). Moreover, Hickman does not assert that he is actually innocent. Accordingly, he has failed to show that his case raises serious constitutional questions, and § 2241 does not apply.

On appeal, Hickman argues, for the first time, that he did not raise the speedy trial issue on direct appeal due to ineffective assistance of counsel. Generally, this court does not review on appeal claims that were not first raised in the district court, *see Sales v. Harris,* 675 F.2d 532, 540 (2d Cir.1982). In any event, Hickman's ineffective assistance claim would ordinarily be cognizable under § 2255 and cannot, in the circumstances of this case, be raised under § 2241.

## CONCLUSION

We have considered all of Hickman's claims and found them to be without merit. We therefore AFFIRM the judgment of the district court.