UNITED STATES of America, Plaintiff,

v.

**Darrell DAILY, Defendant.**

**Nos. 97 C 2718, 94 CR 452–1.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 27, 1997.

**630**

Sergio E. Acosta, Asst. U.S. Atty., Chicago, IL, for U.S.

Darrell Daily, Chicago, IL, Charles J. Zuganelis, Berwyn, IL, for Darrell Daily.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on Darrell Daily's motion to vacate, correct, or set aside his sentence· pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion is denied.

## BACKGROUND

The following factual summary is taken from the government's response to the present motion. Defendant/movant Darrell Daily ("Daily") plead guilty on March 15, 1995 to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The plea was pursuant to a written plea agreement. On June 7, 1995, we sentenced Daily to 72 months in prison and a five–year term of supervised release, and imposed a $12,500 fine and a special assessment of $100. Daily did not appeal either his conviction or his sentence. On April 18, 1997, Daily filed the present motion pursuant to 28 U.S.C. § 2255, arguing that he must be resentenced because his attorney was ineffective in a multitude of ways. We now turn to the merits of Daily's contentions.

## DISCUSSION

▇ As a preliminary matter, we note that because Daily failed to appeal his sentence or conviction, his present arguments would generally be defaulted and we would be unable to entertain them in a § 2255 motion. *See Degaglia v. United States*, 7 F.3d 609, 612 (7th Cir.1993)(failure to raise issues on direct appeal waives the right to challenge them in a § 2255 motion absent showing cause and prejudice) (citations omitted). However, the government did not raise this argument in its brief but rather addressed Daily's claims on their merits. As such, the government has waived any argument of waiver it may have

been able to present. *See Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir.1991)(discussing government's waiving argument of waiver). As another preliminary matter, we note without fanfare that we accept the government's contention in footnote 4 that Daily's § 2255 motion is timely filed. The government's position that application of the one–year limitation on the filing of § 2255 motions (enacted in the Antiterrorism and Effective Death Penalty Act of 1996) varies depending on whether a petitioner was sentenced before or after the effective date of the amendment is sound, and we accept that Daily's present motion does not run afoul of this restriction.

In his present petition, Daily claims that his trial counsel was ineffective for a host of reasons and asserts that we must resentence him accordingly. As recognized by the Seventh Circuit, a petitioner bears a "heavy burden in proving that [his] trial attorney rendered ineffective assistance of counsel." *United States v. Holland*, 992 F.2d 687, 691 (7th Cir.1993). The purpose behind the Sixth Amendment's guarantee of effective assistance of counsel is to ensure a fair trial. Thus, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to state a claim for ineffective assistance of counsel, a petitioner must show "that his attorney's advocacy (1) fell below an objective standard of reasonableness ... and that (2) the counsel's deficiencies altered the outcome of the proceedings." *Swofford v. DeTella*, 101 F.3d 1218, 1221 (7th Cir.1996), *petition for cert. filed* (May 2, 1997). Because Daily fails to show that his counsel's alleged errors meet this test, his motion is denied. We now turn to a discussion of each of Daily's claimed errors.

## I. Failure to Disclose ARDC Proceedings

▇ First, Daily alleges that his counsel was ineffective for failing to disclose that

proceedings against him were pending before the Illinois Attorney Registration and Disciplinary Commission ("ARDC") at the time of Daily's sentencing hearing. As the government points out, there is no per se rule in this circuit that representation at trial (or sentencing) by an attorney who was suspended from a state's roll of attorneys constitutes ineffective assistance of counsel. *United States v. Williams,* 934 F.2d 847, 851 (7th Cir.1991), citing *Reese v. Peters,* 926 F.2d 668 (7th Cir.1991). Thus, the mere fact that an attorney is the subject of disciplinary proceedings does not render his assistance ineffective; rather, a showing of actual errors and omissions by counsel which prejudiced the defense must be made by the movant. *Williams,* 934 F.2d at 852. In his response, Daily concedes this fact, and states that "[t]his allegation is merely a prelude to what is to come and a contributing factor in the attorneys' [sic] 'performance.'" However, as we discuss below, Daily has failed to show that any errors or omissions by his attorney prejudiced his defense, and this first claim fails. As such, we deny Daily's request for relief based on his attorney's failure to disclose disciplinary proceedings because it did not prejudice Daily in any manner.

## II. Credit for Time Served

■ Daily next argues that his attorney was ineffective because he failed to seek "by way of motion or otherwise" credit for time that Daily served on home confinement. However, as the government points out, counsel's refusal to do so does not amount to ineffective assistance in this case because any such motion would have failed. *See Bond v. United States,* 77 F.3d 1009, 1013 (7th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 270, 136 L.Ed.2d 194 (1996), citing *United States v. Nolan,* 910 F.2d 1553, 1564 (7th Cir.1990), *cert. denied,* 499 U.S. 942, 111 S.Ct. 1402, 113 L.Ed.2d 457 ("It is not ineffective for counsel to not file a meritless motion.").

■ It is established that district court (as well as Courts of Appeals) do not have jurisdiction to take into account time served by a prisoner prior to sentencing when formulating his sentence. *United States v. Jones,* 34 F.3d 495, 499 (7th Cir.1994). The Supreme Court has determined that the Attorney General of the United States is the party who properly must determine whether a prisoner is entitled to credit against his sentence; district courts are not authorized to compute any such credit at sentencing. *United States v. Wilson,* 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). Since we are without power to determine any credits with relation to a prisoner's sentence, any motion filed by Daily's attorney seeking such a computation would thus necessarily have failed. Therefore, counsel's failure to file such a motion did not prejudice Daily in any way, and it does not constitute ineffective assistance of counsel.

## III. Counsel's Advice on Plea Agreement

■ next alleges that counsel was ineffective for advising him to sign a plea agreement which was "open ended", allowing the United States Attorney to vacate the sentence or prosecute him for any crimes which are not time-barred. In his reply to the government's response, Daily expands on this allegation, stating that "a defendant would necessarily sign something in reliance on his attorney, not knowing exactly what it meant." *See* Daily's Reply at 6. We do not accept this argument, however, because Daily represented to the court, at the time of his plea, that he understood and voluntarily accepted each term and condition of the agreement as it was described to him. *See* Plea Agreement, § 2255 Motion Exh. 1 at 11. While no transcript of his plea hearing is in the record, this court as a matter of course has those pleading guilty to charges against them placed under oath and asks them questions which establish that they themselves are aware of the terms of the plea agreement and that they understand them. Daily's current argument does not indicate that his attorney has acted improperly in any way, but rather suggests that he perjured himself at his plea hearing by lying to the court about having read and understood his plea agreement, something we think he would rather not do.

Furthermore, as the government points out, the clause at issue is standard in plea

agreements, and a finding here that counsel was ineffective for recommending that Daily sign an agreement containing this provision would necessarily render every plea agreement containing this clause void. We find nothing objectionable about the clause itself, and we decline to find that an attorney's recommending to his client that it is reasonable constitutes ineffective assistance of counsel. The plea agreement was freely entered by Daily, and if he did in fact neglect to read it or proceeded without understanding it (which would be contrary to his prior representations), that is his fault, not ineffective assistance of counsel. We therefore deny his motion in this respect.

We also wish to briefly address another contention of Daily. Daily argues that "[b]y signing such an agreement, the resultant prejudice could be tremendous". First, we note that Daily has suffered no prejudice yet, since the government has not attempted to vacate the agreement or prosecute Daily for any other crimes related to his plea. Second, the agreement explicitly states that the government may only move to vacate the agreement and prosecute Daily if he violates any of his obligations under the agreement. It can hardly be said that this clause of the agreement could cause any prejudice to Daily or that it "opens him up to future prosecution"—the only time the clause may be brought into effect is if Daily does not uphold his obligations under the agreement. The government cannot willy–nilly vacate the agreement or prosecute him for other crimes; an affirmative act on Daily's part is the only thing that can trigger this action by the government. Thus, this clause does not, and could not, cause any prejudice to Daily, and his attorney was not ineffective for recommending that he sign it.

### IV. Failure to Seek Downward Departure

■ Daily next makes two allegations that his counsel was ineffective for failing to point out to the court that United States Sentencing Guidelines §§ 5C1.2 and 2D1.1(b)(4) were applicable in his case and could have been used to reduce his sentence. With regard to § 2D1.1, the government asserts, and Daily concurs, that the provision Daily is relying on in his reply was not in effect at the time of his sentencing, and that it does not provide any basis for relief in this case. Thus, we need not discuss Daily's reliance on § 2D1.1(b)(4) since it is in error.

Moving to Daily's claim that § 5C1.2 applied to this case and that his attorney did not bring it to the attention of the court, we find that it is also without merit and does not constitute ineffective assistance of counsel. Under § 5C1.2, when a defendant meets the four criteria set forth, "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." See U.S.S.G. § 5C1.2. Daily correctly asserts that the government agreed that Daily met all four of these criteria and was eligible for the relief afforded by § 5C1.2. However, this section was ultimately rendered inapplicable to Daily's case because the applicable statutory minimum of five years was less than his minimum sentence under the guidelines, 72 months. Under § 5C1.2, a court may sentence a defendant to less than the applicable mandatory minimum sentence if any part of the guideline range falls below that statutory minimum. By virtue of his guideline range exceeding the statutory minimum in this case, there was no possibility that Daily could be sentenced to less than the mandatory minimum sentence, and § 5C1.2 could not apply. Since it was inapplicable, counsel's failure to raise this issue with the court was not ineffective assistance, and Daily is not entitled to relief on this claim.

### V. Failure to Correct Statements in P.S.I.

■ Next, Daily alleges that his attorney's failure to object to or correct certain statements in the pre–sentence investigation report ("P.S.I.") constituted ineffective assistance of counsel. Daily has failed to point out which statements his attorney should have objected to or corrected, and Daily has not been able to demonstrate any prejudice resulting from this alleged failure. Daily even admits in his reply brief that "[t]his allegation merely is one that may shed a bad light on the defendant in the eyes of the

Judge and would have a low level of prejudice, if any." *See* Reply at 7. We find that these statements did not prejudice Daily in any way; whatever they were, he was sentenced at the low end of the guideline range (in fact, almost at the bottom of the range). These statements did not affect his sentence, and his attorney was not ineffective for not objecting to or correcting any errors.

## VI.  Failure to Object to Fine

. ██ Daily also includes three allegations regarding the imposition of a fine in this case. In the first two, which are virtually identical, Daily states that counsel's failure to object to the fine, and his failure to seek a waiver of the fine, prejudiced him and constitutes ineffective assistance of counsel. However, Daily does not illuminate how he was prejudiced by counsel's failure to object since he has failed to provide us with any basis upon which a successful objection could have been made. In his reply, Daily argues that if his counsel had brought up the fact that he had forfeited an automobile and $18,178 and that he had two children to support, the results may have been different. However, this information was contained in his P.S.I. or in his plea agreement, and we were aware of it at the time we imposed the fine on Daily. Furthermore, it is established that civil forfeitures, such as Daily's car and money, are not considered punishment; forfeiture is an *in rem* action which serves as a remedial civil sanction whereas a fine is an *in personam* civil penalty which serves as punishment. *See United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2142, 135 L.Ed.2d 549 (1996). The fact that Daily had agreed to civil forfeiture of several items did not preclude our imposing a fine on him, and we find that counsel was not ineffective in failing to object to the fine.

██ Daily also alleges that his attorney failed to inform him, presumably before he decided to plead guilty, that a fine could be imposed at sentencing. However, even if Daily's counsel did not inform him of that fact, he suffered no prejudice because the possibility of a fine is clearly set forth in the plea agreement. Paragraph 8 states that

Defendant understands the counts to which he will plead guilty carry the following penalties:

a) Count One . . . carries . . . a maximum fine of $2,000,000.00.

b) Count Two carries . . . a maximum fine of $250,000.00.

*See* Plea Agreement, Rec. Doc. 32. As discussed above, Daily represented by signing his plea agreement that he read and understood the agreement, and by reading it he was made aware of the fact that a fine could be imposed at sentencing. Thus, his counsel's failure to tell him this fact in no way prejudiced Daily, and counsel was not ineffective.

## VII.  Attorney's Failure to Attend P.S.I. Meeting

██ Lastly, Daily argues that his counsel provided ineffective assistance because he failed to accompany Daily to the Probation Department for Daily's pre–sentence interview. Daily claims that by not doing so, it was not brought to Probation's attention that Daily had a drug problem. This resulted in prejudice to Daily because had his drug problem been made known, he may have been placed in a drug rehabilitation program. Given the fact that Daily affirmatively told Probation that he never even experimented with any narcotic or controlled substance and that a drug test administered to Daily came back negative for the presence of drugs, we find it interesting, to say the least, that Daily now claims that he had a drug problem but it somehow was not brought up to Probation. In a moment of candor in his reply, Daily himself explains why he raises the drug issue now: placement in a residential drug treatment facility "would have qualified him for up to a one year reduction in sentence." We think that it is quite likely that this fact came to Daily's attention after he had already told Probation that he did not use drugs, and Daily has decided that this would have been a good way to reduce his sentence a bit. We do not find this claim at all credible, and we find that Daily was not prejudiced by his attorney's absence.

Even assuming that Daily really did have a drug problem at the time he was interviewed

by probation, he does not provide any evidence that his counsel was aware of this problem. He also does not explain why he lied to Probation about his drug use at the time but would not have done so if counsel had been present. We find no evidence that having his attorney present at the interview would have changed Daily's answer about his drug use in any way, and no prejudice has come to him. In short, Daily has not shown that his proceedings were altered because of counsel's non–attendance at the pre–sentence hearing, and Daily has not established an ineffective assistance of counsel claim here either.

## CONCLUSION

For the reasons set forth above, Daily's § 2255 motion is denied.