**Rufus SIMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 99 C 3913.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 8, 1999.

Joan A. Hill McClain, Chicago, IL, for petitioner.

Scott R. Lassar, United States Attorney, David A. Styler, Assistant United States Attorney, United States Attorney's Office, Chicago, IL, for respondent.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Rufus Sims' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, petitioner's motion is denied.

### I. BACKGROUND

Petitioner Rufus Sims ("Sims") was charged with nineteen counts for various crimes relating to his drug and racketeering operations. Following a lengthy trial, a jury found Sims guilty of eight counts relating to money laundering and illegal structuring of financial transactions. Consequently, Sims was found not guilty of eight more serious counts relating to drug conspiracy and possession, the Racketeer Influenced and Corruptions Organization Act (RICO), and assault in aid of the racketeering organization. On December 20, 1995, the court sentenced Sims to a total of 327 months imprisonment, $500,000 in fines, and $450 in special assessments. During both the trial and the sentencing hearing, Sims was represented by Bernard

Nathan and Jeffrey Gehl (collectively "trial counsel").

Sims appealed. On appeal, Sims—represented by Allan A. Ackerman ("appellate counsel")—argued that his convictions should be reversed as a matter of law. Rejecting Sims' arguments, the Seventh Circuit affirmed his conviction and sentence. *United States v. Sims*, 144 F.3d 1082, 1085 (7th Cir.1998). Sims now collaterally attacks his sentence pursuant to 28 U.S.C. § 2255 seeking to vacate or set aside his sentence on two grounds. First, Sims argues he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel (1) failed to actively communicate with Sims during the sentencing hearing by not reviewing the pre-sentencing investigation report ("PSI Report") with Sims; (2) failed to request sufficient time to review the PSI Report with Sims; and (3) failed to present any mitigating witnesses at the sentencing hearing. Second, Sims argues that he was denied his Sixth Amendment right to effective assistance of counsel when his appellate counsel failed to raise the issue of his trial counsels' ineffectiveness.

## II. DISCUSSION

### A. Standard for Deciding a § 2255 Motion

■ Relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To succeed on a § 2255 motion, the petitioner must demonstrate that the sentence imposed on him was in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Arango–Alvarez v. United States*, 134 F.3d 888, 890 (7th Cir.1998).

A § 2255 motion "is neither a recapitulation nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995). This means that

[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original).

### B. Ineffective Assistance of Trial Counsel

In his § 2255 petition, Sims claims his right to effective assistance of trial counsel was violated. This claim was not raised on direct appeal. Thus, before addressing the merits of Sims' § 2255 petition, the court must determine whether Sims' claims are procedurally defaulted.

■ In his § 2255 petition, Sims claims that he was denied his Sixth Amendment right to effective counsel, a claim that must be raised "at the earliest feasible opportunity." *United States v. Taglia*, 922 F.2d 413, 417–18 (7th Cir.1991). While the Seventh Circuit has held that claims of ineffective assistance of trial counsel can be properly raised for the first time in a § 2255 motion, this rule applies to those claims that require extrinsic evidence or to those cases where trial counsel also served as appellate counsel. *See Taglia*, 922 F.2d at 418; *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir.1995). However, "[w]here a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so." *McCleese*, 75 F.3d at 1178.

On direct appeal, Sims was represented by Allan A. Ackerman, who had no part in the trial or sentencing. Therefore, to avoid procedural default, Sims must offer extrinsic evidence in support of his claims.

■ In an effort to establish ineffective assistance of trial counsel, Sims offers tes-

timony from the sentencing hearing and three affidavits from family and friends claiming they would have testified on Sims' behalf at the sentencing hearing. First, the testimony is part of the trial record and, therefore, is not extrinsic evidence. Second, a review of counsel's performance "must rest solely on the trial court record..." *United States v. Lindsay,* 157 F.3d 532, 535 (7th Cir.1998) (citing *Bond v. United States,* 1 F.3d 631, 635 (7th Cir. 1993)). Thus, the court will disregard the affidavits in determining whether Sims' trial counsel were ineffective. Even if the court did consider the affidavits, they offer no evidence. Although the affiants state they were willing to testify, there is no evidence of what testimony would have been offered or how this testimony would have changed the sentence Sims received. Thus, the affidavits provide no material extrinsic evidence in support of Sims' ineffective assistance of counsel claim. *See McCleese,* 75 F.3d at 1179 (finding that the extrinsic evidence offered by petitioner in a § 2255 petition must be material to the claim).

Apart from the affidavits, Sims' ineffective assistance claim is based on the fact that he claims his trial counsel failed to review the PSI Report with him and failed to present mitigating witnesses—all of which is represented in the trial record. This evidence is not extrinsic.

■ Because he presents no material extrinsic evidence, and had different counsel on appeal, Sims' claim is not properly raised for the first time in his § 2255 motion. Accordingly, Sims' claim has been procedurally defaulted. In order to overcome the procedural default, Sims must show that the failure to raise the claim on direct appeal satisfies the cause and prejudice standard. *See Prewitt,* 83 F.3d at 816 (ruling that, in order to collaterally attack a claim that has been procedurally defaulted, petitioner must establish cause and prejudice).

■ When a claim has been procedurally defaulted, it can be raised in a habeas petition if the petitioner shows that there is (1) good cause for the default and (2) actual prejudice from the failure to raise those claims. *Id.; Barker v. United States,* 7 F.3d 629, 632 (7th Cir.1993); *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992). One way to show "good cause" for procedural default is to demonstrate that counsel's performance was so deficient as to violate the sixth amendment guarantee of effective assistance of counsel. *Belford,* 975 F.2d at 313–14; *see also United States v. Nevarez,* No. 97 C 3059, 1997 WL 583078, at *2–3 (N.D.Ill. Sept. 12, 1997) (holding that ineffective assistance of counsel satisfies the "cause" element only if it constitutes an independent constitutional violation). Thus, if Sims can establish that his appellate counsel was ineffective, he can satisfy the first element of causation.

While Sims does not address the issue of procedural default, and therefore does not present an argument addressing the cause and prejudice test, he does raise the issue of ineffective assistance of appellate counsel. This argument is based upon appellate counsel's failure to raise the issue of trial counsel's ineffectiveness at sentencing. The court will infer that Sims raises that argument to show good cause for his failure to assert the claim in his direct appeal.

■ To satisfy the prejudice element of the cause and prejudice test, petitioner has to show that there is a "reasonable probability that if petitioner had appealed he would have won." *Belford,* 975 F.2d at 314; *see also Nevarez,* 1997 WL 583078, at *3. Even if ineffective assistance of counsel was the cause for default, petitioner must still show that he was prejudiced by appellate counsel's failure to raise the claim. *Prewitt,* 83 F.3d at 816. Thus, in order to satisfy the prejudice element of the cause and prejudice test, the petitioner must "address the merits of the claims in his section 2255 motion." *Belford,* 975 F.2d at 314.

In the present motion, Sims alleges that his appellate counsel violated his Sixth

Amendment right to effective assistance of counsel. To overcome procedural default, Sims must not only show ineffective assistance of appellate counsel, but also that he was prejudiced by appellate counsel's failure to raise the issue of ineffective assistance of trial counsel. Accordingly, the court will address the merits of Sims' present claim that his trial counsel were ineffective.

■ Sims argues that he is entitled to relief under § 2255 because he was denied his Sixth Amendment right to effective assistance of trial counsel. A petitioner's claim that his counsel was ineffective is analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show ineffective assistance of counsel, the petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness (the performance prong) and (2) this deficiency prejudiced the petitioner (the prejudice prong). *Arango–Alvarez*, 134 F.3d at 892.

■ As to the performance prong, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. In determining whether counsel's performance was deficient, the court must "judge ... counsel's challenged conduct on the facts of the particular case viewed at the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052. To establish deficient performance, petitioner must make clear the specific acts or omissions forming the basis of his claim. *Arango–Alvarez*, 134 F.3d at 892.

■ As to the prejudice prong, the petitioner must show that his trial counsel's deficient performance rendered the outcome of his trial or proceeding unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Prewitt*, 83 F.3d at 816–17. While it is essential to petitioner's claim that he prove both prongs of the *Strickland* test, courts can consider the prejudice prong of Strickland's test before delving into questions of whether certain acts or decisions by petitioner's attorney were reasonable. *Allen v. United States*, 175 F.3d 560, 563 (7th Cir.1999); *see also Winsett v. Washington*, 130 F.3d 269, 280–81 (7th Cir.1997). If the court finds no evidence of prejudice, the court need not determine whether counsel's performance was deficient. *Melvin v. United States*, 78 F.3d 327, 329 (7th Cir.1996).

■ In this case, Sims points to several instances of his attorneys' alleged ineffectiveness. Because counsel is presumed effective, Sims bears a heavy burden to prove that his attorneys were ineffective and he was prejudiced. *Barker*, 7 F.3d at 633. The court addresses each of Sims' arguments below.

### 1. Trial counsel's failure to communicate with petitioner during the sentencing hearing

Sims first argues that his trial counsel were ineffective because they failed to communicate with him. Specifically, Sims argues that his trial counsel were ineffective because they failed to review the PSI Report with him. Sims claims he was prejudiced because, without reviewing the PSI Report, he was unable to object to "points the probation department believe[d] should be used to determine his sentence." (Pet. Reply Br. at 3.) Further, Sims argues that prejudice is evident given that he was sentenced to the maximum term. Sims contends that "[a] meaningful review and discussion of the PSI Report could have resulted in a sentence less than twenty-seven years imprisonment." (*Id.*) The court rejects Sims' claim because he has failed to show that this alleged failure affected the outcome of his sentencing hearing.

■ First, as discussed *infra* Section II.B.2, the court offered Sims all the time he needed to review the PSI Report, with his attorneys, at the sentencing hearing so that he could make any objections at that

time. While Sims now claims he did not have the opportunity to make any objections, he does not state what the objectionable "points" were or how they could have mitigated the sentence imposed. Because Sims offers no facts to which he would have objected, the court cannot determine whether there were any grounds for an objection. *See United States v. Daily,* 970 F.Supp. 628, 632–33 (N.D.Ill.1997) (holding that it could not be determined if petitioner was prejudiced because he failed to point out to which statements he would have objected). It is not enough for a petitioner to simply claim he was prejudiced, he must show specifically how the sentencing hearing was so prejudicial that it led to a significant increase in his sentence. *See Durrive v. United States,* 4 F.3d 548, 551 (7th Cir.1993). To meet this high standard, Sims must specifically show what points in the PSI Report were not only objectionable, but also relied on by the court in determining Sims' sentence. Sims has not done this and, therefore, has not shown he was prejudiced. *See Daily,* 970 F.Supp. at 632–33.

Second, at the sentencing hearing Sims' trial counsel did contest certain factual portions of the PSI Report that could have resulted in a upwards departure of Sims' sentence. After hearing arguments from both the government and Sims' trial counsel, the court denied an upwards departure based on two of the four disputed factors. (Statement of Reasons for Imposing Sentence Under the Sentencing Guidelines at 2–14.) In fact, in an attempt to increase Sims' sentence, the government put on several witnesses at the sentencing hearing to testify about Sims' alleged involvement in a murder. After hearing arguments, the court denied an upwards departure of Sims' sentence based upon the murder charge. Thus, in a two-day sentencing hearing, Sims—through his trial counsel—not only objected to portions of the PSI Report, but succeeded in persuading the court to disregard certain factors when determining the length of the sentence. There is no evidence that the sentence would have

been reduced had Sims' trial counsel objected to other factors in the PSI Report.

Third, in order to set aside his sentence, Sims must show that his sentence was based in part on false information. *United States v. Yanca,* Nos. 84 C 342, 86 C 312, 1986 WL 10992, at *4 (N.D.Ill. Sept. 29, 1986). "The defendant must show that (1) the information before the sentencing court was inaccurate, and (2) the sentencing court relied on the misinformation in passing sentence." *Id.* (citing *United States ex rel. Welch v. Lane,* 738 F.2d 863, 865 (7th Cir.1984)). In his § 2255 petition, Sims has not alleged that any information in the PSI Report was false, let alone relied on by the court in passing sentence.

Sims has failed to show that he was prejudiced by his trial counsel's alleged failure to review the PSI Report with him. Accordingly, Sims' petition must fail based on this theory.

### 2. Trial counsel's failure to seek more time to review the PSI Report

In his reply brief, Sims argues he was prejudiced because more time was needed to review the PSI Report with his trial counsel. Sims argues his counsel needed more time in order to (1) explain the purpose of the PSI Report; (2) discuss the types of objections which Sims could raise; (3) advise Sims on the additional time needed to discuss the PSI Report; (4) discuss the nature of the objections which could be made; and (5) discuss the effect of waiver if no objections are made. (Pet. Reply Br. at 2.) The court disagrees.

First, Sims focuses much of this argument on his inability to object to the PSI Report. Again, Sims fails to identify what facts within the PSI Report were objectionable, what objections should or would have been raised, and how trial counsels' failure to object to those facts resulted in a *significantly longer* sentence. (*See infra* Section II.B.1.)

Second, Sims argues that he was prejudiced because he did not have an opportunity to review the PSI Report before or during the sentencing hearing. On the contrary, Sims was given time to review the PSI Report, with his attorneys, during the sentencing hearing. (Pet.Mot.Ex. A at 279–81.) In fact, Sims was offered even *more* time with his attorneys to review the PSI Report:

> **The Court:** I am asking you, did you have an opportunity, and have you had an opportunity, to discuss the Pre–Sentence Investigation Report with your attorney. If you want more time, I will give you more time.
>
> **Defendant Sims:** No, that is okay.

(Pet.Mot.Ex. A at 281:8–12.) Thus, Sims was given the opportunity to take more time to review the PSI Report but he declined. He cannot now claim he was prejudiced by his trial counsel or the court when Sims made the decision to go forward without taking more time to review the PSI Report with his attorneys. Sims has not established that any actions by his trial counsel regarding the PSI Report prejudiced him. Accordingly, Sims' claim of ineffective assistance of counsel based on this theory must fail.

### 3. Trial counsel's failure to present mitigating witnesses at the sentencing hearing

 Sims next argues that his trial counsel were ineffective because they failed to present mitigating witnesses at the sentencing hearing. Sims argues that several persons, including his sister and two friends, offered to serve as character witnesses at sentencing but that his trial counsel did not call them to testify. In support of this claim, Sims presents three affidavits of persons who offered to serve as character witnesses for him. (*See* Pet. Mot.Ex. B.) However, these affidavits do not establish that Sims was prejudiced by his trial counsels' failure to present those witnesses. First, Sims trial counsel did

call a character witness during the trial.[1] Further, the affiants do not state what helpful testimony they would have offered at the sentencing hearing, nor does Sims state how the testimony of the affiants would have resulted in a lesser sentence or how the absence of their testimony prejudiced Sims to the extent that the sentence was fundamentally unfair. *See Durrive,* 4 F.3d at 551. There is simply no evidence that the witnesses' testimony would have resulted in a lesser sentence. Thus, Sims has not established that trial counsels' decision not to present mitigating witnesses at sentencing was prejudicial or unreasonable. Accordingly, Sims' claim of ineffective assistance of counsel based on this theory must fail.

Sims was not prejudiced by any alleged failures of his trial counsel and his right to effective assistance of counsel was not violated. Thus, because Sims' claim of ineffective assistance of trial counsel has no merit, Sims was not prejudiced by his appellate counsel's failure to raise that issue on direct appeal. Accordingly, Sims has failed to overcome procedure default and his § 2255 petition must be denied.

### C. *Ineffective Assistance of Appellate Counsel*

 Sims also argues that he is entitled to relief under § 2255 because he was denied his Sixth Amendment right to effective counsel at the appellate level. *See Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1985) (holding that the right to appellate counsel is firmly established). The right to effective assistance of appellate counsel is evaluated in much the same way as the right to effective trial counsel; the court applies the two-part *Strickland* test to both. *Mason v. Hanks,* 97 F.3d 887, 892 (7th Cir.1996). The right to effective assistance does not require an appellate attorney to raise every single issue. *Id.* at 893. To satisfy the performance prong,

---

**1.** This character witness was the only witness offered by the defense, compared to 109 witnesses called by the government.

appellate counsel need only raise those issues that are (1) significant and obvious and (2) clearly stronger than the issues raised. *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994). Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. *See Gray,* 800 F.2d at 646.

Sims argues that his appellate counsel violated his right to effective assistance of counsel by not raising the issue of trial counsel's alleged ineffectiveness at the sentencing hearing. Sims lists specific "concerns regarding this sentencing hearing, *e.g.,* he did not understand the [PSI Report]; he had not reviewed the [PSI Report] with his attorney; and during the fifteen minutes he was allowed by the court to review the report with his attorney, his attorney did not discuss the report with him, and [Sims] attempted to convey this to the court" which he relayed to his appellate counsel. (Pet.Mot. at 5.) Sims claims he was prejudiced by his appellate counsel's failure to address those concerns on direct appeal. The court disagrees.

First, to satisfy the prejudice prong, Sims must show that if his appellate counsel had raised the claim on direct appeal, there would have been a reasonable probability that the claim would have been successful. *See McCleese,* 75 F.3d at 1180. As discussed *infra* Section II.B, the court does not believe that trial counsel were ineffective. Because Sims cannot show that his claim of ineffective trial assistance would have resulted in a different outcome on appeal, he has failed to make the required showing of prejudice for purposes of his claim of ineffective appellate assistance. Thus, Sims' right to effective counsel was not violated by his appellate counsel's failure to raise the issue of trial counsel's effectiveness.

Second, appellate counsel argued that Sims' convictions should be set aside based on the jury's inconsistent verdicts. *Sims,* 144 F.3d at 1083–84. By raising these issues, appellate counsel sought to overturn five of the nine convictions, thereby reducing petitioner's sentence by 240 months. *See id.* Respondent argues that those issues raised by appellate counsel—seeking to set aside Sims' conviction—were stronger than arguing that trial counsel was ineffective at the sentencing hearing. The court agrees. Had appellate counsel been successful in arguing that Sims' convictions should be set aside, it would have resulted in a significantly lower sentence. There is no evidence that a review of the PSI Report would have revealed facts so objectionable that his sentence would have been significantly less or that testimony from Sims' family and friends would have also significantly decreased Sims' sentence. Accordingly, appellate counsels' failure to raise the issue of trial counsels' ineffectiveness did not constitute ineffective assistance of counsel and the court denies the motion based on that theory.

### D. *Evidentiary Hearing*

After reviewing the entire record in this case, the court has determined there is no need for an evidentiary hearing. *See Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir.1992) (holding that a hearing is not required when the motion raises no legally cognizable claim, the allegations are unreasonably vague, or the factual matters may be resolved by the court on the record before it). Sims' petition does not establish a legally cognizable claim. Further, to the extent that Sims' § 2255 petition refers to objections that could have been raised regarding the PSI Report, the allegations are vague and conclusory. Thus, the court "shall make such disposition of the motion as justice dictates." *Patel v. United States,* 19 F.3d 1231, 1234 (7th Cir.1994). In this case, justice requires that Sims' petition be denied.

### III. CONCLUSION

For the foregoing reasons, the court denies petitioner Rufus Sims' motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 and dismisses this case with prejudice.