**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2015[*]
Decided March 25, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-3149

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 92 CR 166 |
| RUFUS SIMS, | |
| *Defendant-Appellant.* | Harry D. Leinenweber, |
| | *Judge.* |

---

[*] This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

**O R D E R**

Rufus Sims was convicted on money laundering charges and sentenced to 327 months in prison in December 1995. On appeal, this court affirmed both the conviction and the sentence. *United States v. Sims*, 144 F.3d 1082 (7th Cir. 1998). Sims sought post-conviction relief pursuant to 28 U.S.C. § 2255 in 1999, but the district court denied his motion, *United States v. Sims*, 71 F. Supp. 2d 874 (N.D. Ill. 1999), and this court denied Sims's request for a certificate of appealability.

Since that time, Sims has filed three more motions in the district court, all in an effort to mount a collateral attack on his conviction and sentence. See *United States v. Sims*, No. 02-2397 (7th Cir. July 1, 2003) (motion under Federal Rule of Civil Procedure 60(b)); *United States v. Sims*, No. 08-3837 (7th Cir. Jan. 9, 2009) (motions under Rule 60(b) and 18 U.S.C. § 3582(c)). During the same period, Sims also filed three petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241, each in a different judicial district; none was successful. See *Sims v. Conley*, No. 06-55970 (9th Cir. Dec. 21, 2006); *Sims v. Purdue*, No. 12-3280 (7th Cir. Feb. 14, 2013); *Sims v. Holland*, No. 12 CV 155, 2013 WL 1628241 (E.D. Ky. April 15, 2013) (denying Sims's motion as an abuse of the writ). Undeterred by this track record, he then filed a purported motion in the original criminal action, case 92 CR 166. Sims asserted that he was entitled to invoke the version of Federal Rule of Criminal Procedure 35(a) that was in effect prior to November 1, 1987. He later filed a "Motion to Expand" his supposed Rule 35(a) motion.

We need not tarry on the merits of Sims's new effort to attack his 1995 conviction and sentence. The district court ruled that it lacked jurisdiction to consider Sims's latest motions, because they were effectively unauthorized successive motions under 28 U.S.C. § 2255 for which Sims had failed to obtain permission to file from this court, as required by § 2255(h). The district court was correct. We have long held that "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). Sims's current motion, which seeks to challenge the district court's finding long ago that his offense conduct continued after the effective date of the Sentencing Guidelines, is just such a motion. We add for the sake of economy that nothing Sims has presented in this latest round meets the criteria found in 28 U.S.C. § 2255(h) for authorization of a successive motion. We therefore decline to construe Sims's notice of appeal as a belated request for authorization to file this action.

      The district court's judgment, which was on the merits, is modified to show that the dismissal is for lack of subject-matter jurisdiction. In all other respects, we AFFIRM the dismissal of Sims's case, and we warn him that he courts sanctions if he persists in these meritless filings.